Jeffery D. McFarland
California Bar No. 157628
jmcfarland@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1010
Fax: (213) 694-1234

*(additional counsel listed on next page)*

**Attorneys for Plaintiff**
**BLOCKCHAIN INNOVATION, LLC**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>FRANKLIN RESOURCES, INC. d/b/a FRANKLIN TEMPLETON, FT FINTECH HOLDINGS, LLC, FRANKLIN TEMPLETON COMPANIES, LLC, JENNIFER JOHNSON, AND ROGER BAYSTON,<br><br>*Defendants*. | CASE NO. 4:21-cv-08787-HSG<br><br>**RESPONSE AND OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT** |

RESPONSE AND OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPORT OF DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT

CASE NO: 4:21-CV-08787-HSG

Gary Cruciani (*Pro Hac Vice*)
Texas Bar No. 05177300
Lew LeClair
California Bar No. 77136
gcruciani@mckoolsmith.com
lleclair@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000

Brent N. Bumgardner (*Pro Hac Vice*)
Texas Bar No. 00795272
Christopher G. Granaghan (*Pro Hac Vice*)
Texas Bar No. 24078585
Carder W. Brooks (*Pro Hac Vice*)
Texas Bar No. 24105536
brent@nelbum.com
chris@nelbum.com
carder@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Patrick J. Conroy (*Pro Hac Vice*)
Texas Bar No. 24012448
pat@nelbum.com
NELSON BUMGARDNER CONROY P.C.
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
Telephone: (214) 446-4954

**Attorneys for Plaintiff**
**BLOCKCHAIN INNOVATION, LLC**

RESPONSE AND OBJECTIONS TO REQUEST FOR
JUDICIAL NOTICE I/S/O DEFS' RESPECTIVE MOTS TO
DISMISS THE FIRST AMENDED COMPLAINT

CASE NO: 4:21-CV-08787-HSG

Plaintiff Blockchain Innovation, LLC ("Plaintiff") files this Response and Objections to Request for Judicial Notice in Support of Defendant Roger Bayston's Motion to Dismiss the First Amended Complaint (Dkt. 59) as follows:

The doctrines of judicial notice and incorporation-by-reference are two distinct mechanisms by which evidence can be presented to the Court in connection with a motion to dismiss under FRCP 12(b)(6). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice is governed by the Federal Rules of Evidence, while incorporation-by-reference is a "judicially created doctrine." *Id*. at 1002. A "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but "a court cannot take judicial notice of disputed facts contained in such public records." *Id*. at 999. On the other hand, "incorporation-by-reference…treats certain documents as though they are part of the complaint itself…[to] prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Id*. at 1002. While these doctrines have "roles to play at the pleading stage," the Ninth Circuit has recognized a "concerning pattern" whereby defendants attempt to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id*. at 998. The Ninth Circuit has therefore admonished against "overuse and improper application of judicial notice and [] incorporation-by-reference," noting that "Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Id*. The Ninth Circuit has concluded that "if defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id*.

**I.   EXHIBITS A, B, C, AND F TO THE BAYSTON DECLARATION, AND EXHIBIT G TO THE SUPPLEMENTAL BAYSTON DECLARATION, SHOULD NOT BE JUDICIALLY NOTICED, BUT PLAINTIFF DOES NOT OPPOSE THAT EXHIBITS A, B, C, AND G (NOT EXHIBIT F) BE CONSIDERED INCORPORATED BY REFERENCE INTO PLAINTIFF'S FIRST AMENDED COMPLAINT.**

Defendants argue that Exhibits A, B, C, and F to the Bayston Declaration, and Exhibit G to the Supplemental Bayston Declaration, should all be judicially noticed because each of these documents should

1 be considered incorporated-by-reference into Plaintiff's First Amended Complaint (the "FAC"). Dkt. 59 at 1-5. In taking this position, Defendants conflate the doctrines of judicial notice and incorporation-by-reference. *See Khoja*, 899 F.3d at 998. None of Exhibits A, B, C, and F to the Bayston Declaration, or Exhibit G to the Supplemental Bayston Declaration, can be properly judicially noticed because these documents are not "adjudicative facts," "matters of public record," or "generally known," and the facts of these documents cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See id.*

However, as Plaintiff referred to Exhibits A, B, C, and G in its pleadings, Plaintiff does not oppose that such documents should be considered incorporated-by-reference into the original Complaint and FAC.

On the other hand, Defendants attempt to slip Exhibit F to Bayston's Declaration in with the rest of the properly-incorporated documents, even though it is of an entirely different character. Defendants contend that an alleged employment agreement between Austin Trombley and FRI and its affiliates is somehow "a document upon which *Plaintiff's* claims rely." Dkt. 59 at 4 (emphasis added). Plaintiff's FAC never mentions this document, and it therefore cannot be considered incorporated-by-reference, despite Defendants' legal gymnastics. The Ninth Circuit is clear that a defendant's "[s]ubmitting [of] documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Khoja*, 899 F.3d at 1003. Incorporation-by-reference "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim," and thus, Exhibit F to the Supplemental Bayston Declaration should be not incorporated by reference. Nor should it be judicially noticed in any form for the reasons stated above (e.g., the document is not an "adjudicative fact," "matter of public record," or "generally known."). For these reasons, Plaintiff moves to strike Exhibit F to the Bayston Declaration. Additionally, Plaintiff objects to Exhibit F to the Bayston Declaration because it would be improper to consider this document in connection with a decision on Defendants' Motions to Dismiss. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 998.

**II.  PLAINTIFF DOES NOT OPPOSE THE COURT TAKING JUDICIAL NOTICE WITH RESPECT TO EXHIBITS 1, 2, 3, AND 5 OF THE WOO DECLARATION**

Plaintiff does not oppose the Court taking judicial notice of the existence of Exhibits 1, 2, 3, and 5, but does oppose the Court taking judicial notice of any "disputed facts contained" in these documents, and/or facts that may later become disputed. *See id*. at 999.

**CONCLUSION**

For the reasons set forth above, Plaintiff does not oppose that Exhibits A, B, C, and F to the Bayston Declaration, and Exhibit G to the Supplemental Bayston Declaration, should be considered incorporated-by-reference into the Original Complaint and FAC. Plaintiff opposes judicial notice being taken of Exhibit F to the Bayston Declaration, and further opposes that this document be considered incorporated by reference into the Original Complaint and/or FAC. Plaintiff further moves to strike Exhibit F and objects to its consideration by the Court in connection with Defendants' Motions to Dismiss. Plaintiff does not oppose the Court taking judicial notice of the existence of Exhibits 1, 2, 3, and 5 to the Woo Declaration, but does oppose the Court taking judicial notice of any "disputed facts contained" in these documents, and/or facts that may later become disputed.

| | | |
|---|---|---|
| 1 | Dated: April 22, 2022 | Respectfully submitted, |
| 2 | | */s/ Gary Cruciani* |
| 3 | | Jeffery D. McFarland<br>California Bar No. 157628 |
| 4 | | jmcfarland@mckoolsmithhennigan.com<br>MCKOOL SMITH HENNIGAN P.C. |
| 5 | | 300 South Grand Avenue, Suite 2900<br>Los Angeles, California 90071 |
| 6 | | Telephone: (213) 694-1010<br>Fax: (213) 694-1234 |
| 7 | | Gary Cruciani (*Pro Hac Vice*) |
| 8 | | Texas Bar No. 05177300<br>Lew LeClair |
| 9 | | California Bar No. 77136<br>gcruciani@mckoolsmith.com |
| 10 | | lleclair@mckoolsmith.com<br>MCKOOL SMITH P.C. |
| 11 | | 300 Crescent Court, Suite 1500<br>Dallas, Texas 75201 |
| 12 | | Telephone: (214) 978-4000 |
| 13 | | Brent N. Bumgardner (*Pro Hac Vice*)<br>Texas Bar No. 00795272 |
| 14 | | Christopher G. Granaghan (*Pro Hac Vice*)<br>Texas Bar No. 24078585 |
| 15 | | Carder W. Brooks (*Pro Hac Vice*)<br>Texas Bar No. 24105536 |
| 16 | | brent@nelbum.com<br>chris@nelbum.com |
| 17 | | carder@nelbum.com<br>NELSON BUMGARDNER CONROY P.C. |
| 18 | | 3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107 |
| 19 | | Telephone: (817) 377-9111 |
| 20 | | Patrick J. Conroy (*Pro Hac Vice*)<br>Texas Bar No. 24012448 |
| 21 | | pat@nelbum.com<br>NELSON BUMGARDNER CONROY P.C. |
| 22 | | 2727 N. Harwood Street, Suite 250<br>Dallas, Texas 75201 |
| 23 | | Telephone: (214) 446-4954 |
| 24 | | **Attorneys for Plaintiff**<br>**BLOCKCHAIN INNOVATION, LLC** |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |