UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>Defendants. | Case No. 21-cv-08787-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 41, 60 |

Pending before the Court are two administrative motion to consider whether another party's material should be sealed related to Defendants' motions to dismiss. Dkt. Nos. 41, 60. The Court **DENIES** the motions for the reasons below.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6      Records attached to nondispositive motions must meet the lower "good cause" standard of
7  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
8  tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted).  This
9  requires a "particularized showing" that "specific prejudice or harm will result" if the information
10 is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
11 Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific
12 examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
13 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

14 **II.   DISCUSSION**

15     As an initial matter, the motion to seal at Dkt. No. 41 is denied as moot; it is associated
16 with motions to dismiss that were terminated as moot in light of Plaintiff's first amended
17 complaint, Dkt. No. 55.  *See Eli Lilly & Co. v. Genentech, Inc.*, No. 13-CV-0919 YGR, 2013 WL
18 4396718, at *1 (N.D. Cal. Aug. 13, 2013) (denying motion to seal documents related to motions
19 that the court denied as moot).  Because the court did not reach these motions to dismiss, the Court
20 will not consider the associated documents and they will remain under seal.

21     The Court will instead address the administrative motion to seal at Dkt. No. 60 associated
22 with the motions to dismiss the first amended complaint.  Because Defendants seek to seal
23 documents related to a dispositive motion, the Court applies the "compelling reasons" standard.
24 Defendants seek to file under seal portions of briefing in support of their motions to dismiss the
25 first amended complaint, portions of Exhibit 4 to the Declaration of Darryl M. Woo in support of
26 Defendants' request for judicial notice, and Exhibit G to the Supplemental Declaration of Roger
27 Bayston in support of Defendants' motions to dismiss.  The documents include an asset purchase
28 agreement and stock purchase agreement, as well as disclosure schedules—documents that form

the basis of Plaintiff's claims. The motion seeks to seal the agreements in their entirety and redact portions of other filings that excerpt those agreements.

Defendants filed the motion to seal "to afford the designating parties the opportunity to defend the confidentiality of these documents," and the only basis offered is that the documents were designated as confidential. *Id.* at 2. The designating party did not file a declaration establishing that the documents are sealable within seven days of Defendant's motion as required under Civil Local Rule 79-5(f)(3). As Civil Local Rule 79-5(c) explains, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

Because the motion to seal does not comply with Civil Local Rule 79-5 in light of the designating party's failure to respond, the Court finds no basis to seal the requested documents.

## III. CONCLUSION

The Court **DENIES** Dkt. No. 41 as moot. The court will not consider the associated documents, and the parties are excused from filing public versions of the documents provisionally filed under seal in association with Dkt. No. 41. The Court **DENIES** Dkt. No. 60. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: 9/29/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge