UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN RESOURCES, INC. d/b/a FRANKLIN TEMPLETON, FT FINTECH HOLDINGS, LLC, FRANKLIN TEMPLETON COMPANIES, LLC, JENNIFER JOHNSON, AND ROGER BAYSTON,<br><br>Defendants. | Case No. 4:21-cv-08787-HSG<br><br>**STIPULATED ORDER REGARDING THE DISCOVERY AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

1. This Order will govern the discovery and production of documents and electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. The requirements of this Order may be modified by agreement of the parties or upon further order of the Court for good cause shown.

5. This Order does not alter or expand the discovery obligations or rights of any party. All parties reserve all rights under the Federal Rules of Civil Procedure and the Federal Rules of Evidence for matters relating to the discovery and production of ESI.

**I.   Definitions**

   **A.** "Producing Party" means a party that produces Hard Copy Documents, Electronic Files, or other material in connection with this litigation in response to document requests, compulsory process, or voluntarily.

   **B.** "Receiving Party" means a party that receives Hard Copy Documents, Electronic Files, or other material from a Producing Party in connection with this litigation.

     **C.**    "Hard Copy Document" means a document that is maintained in hard copy or paper form.

     **D.**    "Electronic File" means a computer-generated file that is maintained in electronic form in the usual course of business. Electronic Files include, but are not limited to, email (e.g., .msg files), spreadsheet files (e.g., .xls), slide presentation files (e.g., .ppt), word processing files (e.g., .doc), image files (e.g., .pdf), and container files (e.g., .pst, .zip).

**II.**    **Production Format Specifications**

     **A.**    **General Form of Production**. Except as provided in Sections II.B, II.C, and II.I, all Electronic Files and Hard Copy Documents shall be produced as single-page, black and white, Group IV TIFF image files with the associated text and metadata specified in this Section II.A.

          **1.**    **Image Requirements**. TIFF image files shall be of at least 300 dpi resolution. The page orientation (i.e., portrait or landscape) of a TIFF image file shall be the same as the underlying document from which the TIFF image is created. The page size of a TIFF image file shall be 8.5 x 11 inches unless, in the reasonable judgment of the Producing Party, a particular document requires a different page size. Each TIFF image shall be branded with a Bates number that must: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) be sequential within a given document; and (4) include a prefix identifying the Producing Party followed by a single-dash. Each TIFF image file shall be named with the same page-level Bates number branded on the underlying image.

          **2.**    **Text Requirements**. All Electronic Files and Hard Copy Documents shall be produced with a corresponding multipage text file (i.e., one .TXT file per Electronic File or Hard Copy Document as opposed to one text file per page). The text file for an Electronic File shall be created by extracting text directly from the underlying native file, unless the Electronic File must be redacted prior to

production, in which case the text file shall be generated by applying OCR technology to the redacted version of the Electronic File. The text file for Hard Copy Documents shall also be created using OCR technology. Each text file shall be named with the beginning Bates number of the Electronic File or Hard Copy Document to which the text file relates.

        **3.** **Metadata Requirements**. Electronic Files shall be produced with metadata specified in Exhibit A to this Order, unless such metadata contains information subject to the attorney client privilege or work product protection. Hard Copy Documents shall be produced with the metadata specified in Exhibit B to this Order.

        **B.** **When Native Production Required**. Unless redaction is necessary, the following types of Electronic Files shall be produced in native format, whether they exist as attachments to emails, embedded files, or standalone files: (1) spreadsheet files such as Excel (including .csv and similar files); (2) Microsoft Access files; and (3) audio or video files such as .wav or .mpeg files. If redactions of spreadsheet files are necessary, then the files may be produced in TIFF in accordance with Section II.A so long as the files are TIFFed in a manner that will yield production of all non-redacted content, including, as examples, hidden rows and columns, and comments. Spreadsheet files may be redacted in native format. Any party electing to redact a spreadsheet in native format must indicate which spreadsheets were redacted in native format and, upon request of the receiving party, specify and explain what content was redacted if not readily apparent from the face of the redacted spreadsheet. The parties must maintain an unaltered, unredacted version of the spreadsheet until the final disposition of the litigation, and nothing in this Order waives the right of either party to challenge the scope or permissibility of any redactions. If the parties encounter Access files or audio or video files containing privileged content, the parties shall meet and confer to determine a suitable manner of producing the non-privileged content contained in these files.

    **C.**    **When Native May Be Requested**.  A Receiving Party that receives an Electronic File produced in TIFF pursuant to Section II.A may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. This Order does not set out all circumstances in which a request for production of a document in its native format is reasonable. However, the parties agree that a request for production of a document in its native format is reasonable where the TIFF version of the Electronic Document omits relevant, substantive content included in the native file or where the TIFF version suffers material, adverse formatting changes as a result of the conversion to TIFF, such as the loss of meaningful color distinctions.

    **D.**    **Production Specifications for Native Files**.  When producing an Electronic File in native form pursuant to Section II.B or II.C, a producing party shall:

        **1.**    Provide a corresponding single-page TIFF placeholder stating "Document Produced in Native."  The placeholder shall be branded with a Bates number meeting the requirements of Section II.A.1.

        **2.**    Name the produced version of the electronic file with the Bates number affixed to the TIFF placeholder corresponding to the electronic file.

        **3.**    Provide the text and metadata, including the original file name of the underlying Electronic File, required under Section II.A of this Order.

    **E.**    **Load Files**.  All productions of Electronic Files and Hard Copy Documents shall be accompanied with data load files and image load files.  Each Producing Party shall provide data and image load files in a format that is reasonably necessary to allow a Receiving Party to load productions to its document review or case management database.

    **F.**    **Family Relationships of Electronic Files**.  Parent-child relationships between Electronic Files (i.e., the association between an attachment and its parent e-

mail), must be preserved by assigning sequential Bates numbers to all files within a parent-child group, and by providing accurate attachment ranges for those files in the metadata fields required by Exhibit A.

     **G.   Scanning and Unitization Requirements for Hard Copy Documents**. The parties agree to use reasonable efforts to ensure that hard copy documents are unitized such that: (1) multiple, distinct documents are not merged into a document range; and (2) single documents are not split into multiple document ranges. The parties also agree to use reasonable efforts to maintain the family relationships of hard copy documents by scanning and Bates numbering those documents in sequential order. This provision does not obligate any party to produce documents in a manner other than in which those documents were kept in the ordinary course of business.

     **H.   Enterprise Level Databases**. This Order does not govern the manner in which information maintained in enterprise level databases must be produced. The parties shall meet and confer, as necessary, regarding the production format of information maintained in such databases.

     **I.   Preservation of Metadata**. The parties shall make reasonable efforts to preserve the metadata required to be produced for Electronic Files under Section II.A.3 of this Order.

     **J.   Placeholders for Wholly Privileged Family Members**. If a party withholds a wholly privileged Electronic File that is part of a family group containing responsive Electronic Files that are not wholly privileged, the party shall produce a placeholder TIFF image for the Electronic File in lieu of producing it. For Electronic Files withheld as privileged, the placeholder shall state: "Document Withheld as Privileged." Placeholder images shall also be branded with a Bates number meeting the requirements of Section II.A.1. The metadata fields set forth in Exhibit B shall be populated for files withheld pursuant to this Section II.J. If a Producing Party, for any reason, subsequently produces an Electronic File withheld pursuant to this

Section II.J, the party shall produce that Electronic File pursuant to the production format specifications of this Order that would have been applicable to the Electronic File had it been produced initially, except that the producing party shall apply an appropriate numerical suffix to the Bates number of the file to account for instances where the produced version of the file occupies more pages than the original placeholder image for the file.

   K. **Error Files**.  If a responsive Electronic File otherwise subject to production in TIFF under this Order cannot be converted to TIFF without error due to corruption, password protection, or some other issue, the Electronic File shall be produced in native pursuant to the requirements of Sections II.B and II.D.

   L. **Production of Container Files**.  The parties need not produce container files (e.g., .zip) so long as the responsive contents of those files are produced in accordance with the specifications of this Order.

   M. **Hidden Text and Track Changes**.  Unless redactions are necessary to remove privileged material, Electronic Files produced in TIFF shall be produced so that hidden text and track changes are showing and reflected in both the image and text files.

   N. **De-duplication**: A party may remove exact duplicates (based on MD5 Hash Values) from its production of Electronic Files so long as all custodians who possessed copies of a given file and for whom a Producing Party has agreed or is obligated to produce documents are identified in the relevant metadata fields. Electronic Files and attachments may only be de-duplicated on message unit or family basis.  A party may also use message threading technology to remove email messages where the content of those messages, and any attachments, are wholly contained within a later email message.  Upon request of a Receiving Party, a Producing Party shall identify the technology it is using to de-duplicate or thread its document production.

    **O.**    **Text for Redaction Boxes.**  With the exception of native redactions to spreadsheets, as specified in Section II.B. of this Order, the parties will specify on the face of their redactions the basis of the redactions (stating, e.g., "Redacted for Privilege").  The parties will not use black-box redactions.

### III.   Method of Production

    **A.**    A party shall produce its Electronic Files and/or Hard Copy Documents via secure FTP or file sharing technology, or on electronic storage media such as USB hard drives.  Each piece of electronic storage media shall be assigned a sequential volume number that identifies the party to whom the volume is attributable.

    **B.**    A party shall accompany each production of Electronic Files and/or Hard Copy Documents with a letter or email specifying: (1) the volume or volumes comprising the production; and (2) the Bates range or ranges of the materials being provided on each volume and whether those Bates ranges contain any known gaps.

### IV.   Non-waiver and Clawback Provision

    **A.**    **No Fault Non-Waiver Provision**.  Pursuant to Fed. R. Evid. 502(d), the inadvertent production of material subject to a claim of privilege or work product protection shall not constitute a waiver of privilege or work product protection in the pending case or in any other federal or state proceeding.

    **B.**    **Clawback Procedures**.  When a Producing Party gives notice to a Receiving Party that a Hard Copy Document or Electronic File subject to a claim of privilege or other protection has been inadvertently produced, the obligations of the receiving party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

### V.   Search Methodology

    **A.**    **Search.**  The parties agree to meet and confer in good faith regarding document custodians, date range limitations, search terms, the possibility of phasing the production of ESI, and other means of limiting the number of documents requiring collection and review.

## VI. Miscellaneous Provisions

    **A.    Non-Party Discovery.** Any party that issues a non-party subpoena shall include a copy of this Order as part of the subpoena and shall request that the non-party produce documents in accordance with the specifications set forth herein. The party issuing the non-party subpoena is responsible for producing to all other parties any documents obtained pursuant to that non-party subpoena.

    **B.    Meet and Confer Obligations.** No party may seek relief from the Court regarding compliance or non-compliance with this Order unless it has first met-and-conferred in good faith with the other party and the parties are unable to resolve the matter without Court intervention.

**IT IS SO ORDERED.**

DATED: 1/25/2023

_____
Haywood S. Gilliam, Jr.

# EXHIBIT A

The chart below describes the metadata fields to be produced in generic, commonly used terms which the producing party is to adapt to the specific types of Electronic Files it is producing, to the extent such metadata fields are included in the original electronic documents and can be customarily extracted as part of the electronic data discovery process. Any ambiguity about a metadata field is to be discussed with the receiving party prior to processing and production.

| Field Name | Description |
| --- | --- |
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODBEGATT | First Bates number of the first page in a parent/child relationship |
| PRODENDATT | Last Bates number of the last page in a parent/child relationship |
| ATTACH_COUNT | Number of attachments to an email or loose e-file with extracted children |
| PRODVOL | Name of production volume on which Electronic or Hard Copy File is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of person from whom the Electronic File was collected, reviewed, and produced. |
| DUPCUSTODIAN | Name of any additional production custodians from whom email/document was collected |
| DOCTYPE | Populate with either Hard Copy, E-Mail, Attachment, or E-Docs (i.e., loose or standalone files) |
| FROM | The Names and SMTP email addresses of all individuals included on the From line of an email or calendar item |
| TO | The Names and SMTP email addresses of all individuals included on the To line of an email or calendar item |

| | |
|---|---|
| CC | The Names and SMTP email addresses of all individuals included on the CC line of an email or Optional line of a calendar item |
| BCC | The Names and SMTP email addresses of all individuals included on the BCC line of an email |
| SUBJECT | Subject line of email |
| DATE_SENT | Date email was sent (MMDDYYYY) |
| TIME_SENT | Time email was sent (HH:MM:SS) |
| LINK | Link to native file on the media received (e.g., Excel attachment) |
| FILE_EXTEN | File extension of the email, attachment, or loose e-file |
| FILE_NAME | The file name of the email attachment or loose e-file |
| FILE_PATH | The original file path of the email or loose e-file |
| AUTHOR | The author of the loose e-file or e-file attachment |
| DATE_CREATED | The created date of the email attachment or loose e-file (MMDDYYYY) |
| DATE_MODIFIED | The last-modified date of the email attachment or loose e-file (MMDDYYYY) |
| REDACTION | Populate with Yes or No to indicate whether document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the document |
| HASH | The MD5 or SHA-1 hash value generated when processing the document |
| PASSWORD | Populate with Yes or No to indicate whether document is password protected |

# EXHIBIT B

| Field Name | Description |
|---|---|
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODVOL | Name of production volume on which document is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of person from whom the Electronic File or Hard Copy Document was collected, reviewed, and produced. |
| DOCTYPE | Populate with either Hard Copy, E-Mail, Attachment, or E-Docs (i.e., loose or standalone files) |
| REDACTION | Populate with Yes or No to indicate whether document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the document |