UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br>　　　　Plaintiff,<br>　　v.<br>FRANKLIN RESOURCES, INC., et al.,<br>　　　　Defendants. | Case No. 21-cv-08787-AMO (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 128 |

Plaintiff Blockchain Innovation, LLC ("Plaintiff") sues Defendants Franklin Resources, Inc., et al. ("Defendants") for breach of fiduciary duty, violation of the Defend Trade Secrets Act ("DTSA"), copyright infringement, aiding and abetting breach of fiduciary duty, breach of contract, and for injunctive relief. ECF No. 55 (First Amended Complaint). The parties have filed a joint discovery letter brief at ECF No. 128. Defendants take the view that California Code of Civil Procedure § 2019.210, which is part of the California Uniform Trade Secrets Act ("CUTSA") and which generally bars discovery relating to a trade secret until the plaintiff has identified the trade secret with reasonable particularity, applies to this case. Defendants further argue that Plaintiff's 2019.210 disclosure does not adequately describe the alleged trade secrets. Accordingly, they seek a protective order from discovery on any cause of action that relates to the alleged trade secrets. Plaintiff argues that section 2019.210 is inapplicable to DTSA claims, and in the alternative, that its disclosure is adequate.

Let's read section 2019.210 to see if it applies to this case. It says: "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret

1  with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of
2  the Civil Code."

3   The language of the statute makes clear that section 2019.210 is not literally applicable to
4  this case.  Section 2019.210 applies to any action alleging trade secret misappropriation "under the
5  Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the
6  Civil Code)," but the First Amended Complaint in this case does not allege that.  The first claim
7  for relief is for breach of fiduciary duty.  The second is indeed for trade secret misappropriation,
8  but pursuant to DTSA, 18 U.S.C. § 1836(b), an entirely different statute under a different source
9  of law (federal, not state).  The third claim for relief alleges copyright infringement.  The fourth
10 alleges aiding and abetting breach of fiduciary duty.  The fifth alleges breach of contract.  And the
11 sixth (due to an apparent typo, it is listed as the second "Count V") seeks an injunction.
12 Accordingly, this not an "action alleging trade secret misappropriation under the Uniform Trade
13 Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code),"
14 and section 2019.210 does not apply on its own terms.

15   DTSA itself does not require sequencing of discovery such that the alleged trade secrets
16 must be disclosed before discovery about trade secrets may proceed.  "DTSA is intended to
17 provide a single, national standard for trade secret misappropriation with clear rules and
18 predictability for everyone involved." *Adams Arms, LLC v. Unified Weapon Systems, Inc.*, 2016
19 WL 5391394, *5 (M.D. Fla. Sept. 27, 2016) (citation and quotation marks omitted).  "In
20 furtherance of its aim to establish a uniform federal scheme for trade secret litigation, DTSA is
21 notable for what it does not require." *Yeiser Research & Development, LLC v. Teknor Apex Co.*,
22 2019 WL 2177658, *4 (S.D. Cal. May 20, 2019).  For example, it does not contain a heightened
23 pleading requirement.  *Id*.  "'Nor do DTSA's express provisions regarding civil proceedings
24 incorporate any discovery procedure analogous to certain state law statutory requirements in trade
25 secrets cases that require a plaintiff to first disclose trade secrets before being able to receive
26 discovery from the defendant.'" *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, 2021 WL
27 6102432, *7 (C.D. Cal. Aug. 27, 2021) (quoting *Yeiser*, 2019 WL 2177658, *4).  As several courts
28 have observed, this absence "support[s] the inference that a plaintiff whose DTSA claims proceed

past the pleading stage is entitled to discovery in accordance with the general discovery rules set forth in Federal Rule of Civil Procedure 26." *Yeiser*, 2019 WL 2177658, *4; *see also Skye*, 2021 WL 6102432, *7. Under Rule 26, "[u]nless the parties stipulate or the court orders otherwise . . . discovery by one party does not require any other party to delay its discovery," Fed. R. Civ. Proc. 26(d)(3)(B), meaning that the sequencing Defendants seek here is presumptively barred. *See Skye*, 2021 WL 6102432, *7 (Rule 26(d)(3)(B) "seemingly would effectively prohibit sequencing").

Having said that, federal courts have wide discretion to manage discovery, including to "set the timing and sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Thus, even though section 2019.210 is not literally applicable to this case, a federal court undoubtedly has the discretion to require the disclosure of trade secrets before allowing trade secret-related discovery to proceed. *See Yeiser*, 2019 WL 2177658, *5 ("In exercising its broad discretion over discovery under Rule 26, it may be that a federal court will look to state law trade secret discovery rules . . . to determine the proper course of discovery."). One reason why it might make sense to adopt this type of sequencing in a DTSA case is if a plaintiff is suing under both CUTSA and DTSA concerning the same trade secrets. *See, e.g., Alta Devices, Inc. v. LG Elecronics, Inc.*, 2019 WL 176261 (N.D. Cal. Jan. 10, 2019) (enforcing section 2019.210 in a case with both CUTSA and DTSA claims). Or a court might determine that sequencing discovery in this manner could provide for effective case management. *See, e.g., Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, 2021 WL 965349, *1 (N.D. Cal. March 13, 2021) ("Though state procedure does not govern here, in the trade secret context the undersigned judge has often borrowed the tried and true California Code of Civil Procedure § 2019.210 under the district court's Rule 16 case-management authority."). A court might also find discovery sequencing appropriate if it thought the plaintiff, through artful pleading, "was trying to avoid CUTSA's strictures." *Monolithic Power Systems, Inc. v. Dong*, 2021 WL 3847961, *1 (N.D. Cal. Aug. 27, 2021). There are probably other reasons why sequencing discovery in this manner could be appropriate.

In this case, the Court does not think that sequencing discovery is warranted – or perhaps it would be more accurate to say that *further* sequencing is not warranted. Here, Plaintiff is not suing under CUTSA, so this is not a case where there are both CUTSA and DTSA claims. Nor do

3

we seem to have an artful pleading problem, as it would be strange to say that invoking a federal trade secret law in a lawsuit filed in federal court is somehow an artful attempt to avoid state law.

The issue really comes down to managing discovery effectively. Plaintiff served its first set of requests for production in October 2022. Defendants have resisted producing several categories of documents, including nearly all technical documents, citing section 2019.210. Even while maintaining that section 2019.210 does not apply, Plaintiff has served a 273-page 2019.210 disclosure, including 56 appendices. Defendants have asserted two types of criticisms of the disclosure. First, they say it is vague, non-specific and lacks limitations. Second, they say the disclosure fails to distinguish the asserted trade secrets from public information, that the purported trade secrets belong to the Defendants or to third parties, and that the descriptions of the trade secrets mirror Plaintiff's patents, which can't be trade secrets. Assuming Defendants serve or served an interrogatory asking Plaintiff to identify its trade secrets (they say they did), the first category of complaints can be addressed in a motion to compel. Defendants can also try to address the second category of complaints in a motion to compel, though those may be harder to resolve in a discovery motion because these complaints may bleed into the merits question of whether the asserted trade secrets really are trade secrets, and if so, whose.

In this case, the downside to a formal sequencing of discovery is the severe effect it would have on the management of discovery. Plaintiff served its first set of RFPs eight months ago, and Defendants have unilaterally given themselves a stay of discovery on technical matters during this time. This impacts not only the DTSA claim but, as clarified at the hearing, also has an equally great effect on the copyright infringement claim. What a strange state of affairs that the two causes of action that are the entire basis for federal jurisdiction over this lawsuit, *see* ECF No. 55 ¶ 57, are the *least* developed in terms of discovery. Granting Defendants' motion for a protective order would just extend this delay. While the Court understands the benefits that a good trade secret disclosure can have, delay is a problem too, especially when it is one-sided.

Discovery sequencing can work well if the parties promptly move through each sequence. In this case, if the parties had requested guidance from the Court at the outset of discovery, the Court might very well have imposed some sequencing, with prompt deadlines to keep the case

moving. Instead, Defendants unilaterally put the brakes on technical discovery, and now two-thirds of a year has passed. The Court would never have approved sequencing on this kind of schedule. Sequencing has become a tool for delay.

Under the circumstances, if Defendants think Plaintiff's trade secret disclosure has problems, they should move to compel a better one (again, assuming they have propounded discovery to which a trade secret disclosure would be responsive). In the meantime, "the Court finds that each side should proceed with discovery simultaneously, and expeditiously." *Skye*, 2021 WL 6102432, *8. Accordingly, Defendants' motion for a protective order is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 15, 2023

THOMAS S. HIXSON
United States Magistrate Judge