Patricia L. Peden
California Bar No. 206440
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Telephone: (510) 273-8780
Fax: (510) 839-9104

**Attorneys for Plaintiff**
**BLOCKCHAIN INNOVATION, LLC**

*(additional counsel listed on signature page)*

**FILED**

Mar 13 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC, <br><br>     *Plaintiff*, <br><br> v. <br><br> FRANKLIN RESOURCES, INC. d/b/a FRANKLIN TEMPLETON, FT FINTECH HOLDINGS, LLC, FRANKLIN TEMPLETON COMPANIES, LLC, JENNIFER JOHNSON, AND ROGER BAYSTON, <br><br>     *Defendants*. | Case No. 3:21-cv-08787-AMO <br><br> **AMENDED STIPULATED PROTECTIVE ORDER** |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys and their support staff who are employees of the organization of which a Party to this action is a part. House Counsel does not include Outside Counsel of Record or any other outside counsel or their support staff.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys and their support staff who are not employees of any organization of which a Party to this action is a part, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12   Party: any party to this action, including all the officers, directors, employees, House Counsel, consultants, retained experts, and Outside Counsel of Record (and their support

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

1    staff) of a party.

2    2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in

3    this action.

4    2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

5    photocopying, videotaping, translating, preparing exhibits or demonstrations, and

6    organizing, storing, or retrieving data in any form or medium) and their employees and

7    subcontractors.

8    2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

9    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

10    as "HIGHLY CONFIDENTIAL – SOURCE CODE."

11    2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

12    Party.

13    3.    <u>SCOPE</u>

14    The protections conferred by this Stipulation and Order cover not only Protected Material (as

15    defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

16    excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

17    presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

18    conferred by this Stipulation and Order do not cover the following information: (a) any information that

19    is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

20    domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

21    Order, including becoming part of the public record through trial or otherwise according to court order;

22    and (b) any information known to the Receiving Party prior to the disclosure or obtained by the

23    Receiving Party, after the disclosure from a source who obtained the information lawfully and who was

24    under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial

25    shall be governed by a separate agreement or order.

26    4.    <u>DURATION</u>

27    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

28

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

(a)      <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are

1  appropriately designated for protection within the 21 days from receipt of the transcript shall be covered

2  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at

3  the deposition or up to 21 days after receipt of the transcript if that period is properly invoked, that the

4  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

5  EYES ONLY."

6         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

7  proceeding to include Protected Material so that the other parties can ensure that only authorized

8  individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

9  at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

10 designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," Or

11 HIGHLY CONFIDENTIAL – SOURCE CODE."

12        Transcripts containing Protected Material shall have an obvious legend on the title page that the

13 transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

14 line numbers as appropriate) that have been designated as Protected Material and the level of protection

15 being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

16 requirements. Any transcript that is prepared before the expiration of a 21-day period for designation

17 shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period,

19 the transcript shall be treated only as actually designated.

20        (c)    for information produced in some form other than documentary and for any other tangible

21 items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

22 which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

23 – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion

24 or portions of the information or item warrant protection, the Producing Party, to the extent practicable,

25 shall identify the protected portion(s) and specify the level of protection being asserted.

26        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

27            qualified information or items does not, standing alone, waive the Designating Party's

28

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Confidentiality Designations for Voluminous Document Productions. Notwithstanding Section 5.1, if a Producing Party makes any single production of documents in excess of two thousand five hundred (2,500) documents or five thousand (5,000) pages, the Producing Party may rely on technological tools and processes reasonably aimed at identifying documents that qualify as Protected Material (e.g., targeted searches based on keywords, metadata, custodians, document types, etc.) to designate groups of documents as "CONFIDENTIAL" without conducting a document-by-document review. The purpose of this provision is to mitigate the costs associated with undertaking a confidentiality review of a large production of documents that clearly implicate confidential matters (e.g., correspondence with in-house counsel, etc.).

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing with specificity the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or confidentiality designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by

failing to file a motion to retain confidentiality as described above, all  parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, unless otherwise agreed by the Producing Party in writing. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel and any mediator or arbitrator appointed for this matter;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional

Vendors to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably

necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material must be separately bound by the court reporter and may not be disclosed to

anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other

person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or</u>

<u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party

may disclose any information or item designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only

to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of

said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement

to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have

been followed;

(c)     the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

1      unless, within 14 days of delivering the request, the Party receives a written objection

2      from the Designating Party. Any such objection must set forth in detail the grounds on

3      which it is based.

4    (c)    A Party that receives a timely written objection must meet and confer with the

5      Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

6      agreement within seven days of the written objection. If no agreement is reached, the

7      Party seeking to make the disclosure to the Expert may file a motion as provided in Civil

8      Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking

9      permission from the court to do so. Any such motion must describe the circumstances with

10     specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably

11     necessary, assess the risk of harm that the disclosure would entail, and suggest any

12     additional means that could be used to reduce that risk. In addition, any such motion must

13     be accompanied by a competent declaration describing the parties' efforts to resolve the

14     matter by agreement (i.e., the extent and the content of the meet and confer discussions)

15     and setting forth the reasons advanced by the Designating Party for its refusal to approve

16     the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall

17     bear the burden of proving that the risk of harm that the disclosure would entail (under the

18     safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

19     Material to its Expert.

20 8.    SOURCE CODE

21   8.1    To the extent production of source code becomes necessary in this case, a Producing Party

22     may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it

23     comprises or includes confidential, proprietary or trade secret source code.

24   8.2    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

25     be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

26     ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals

27     to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may

28

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

1    be disclosed, only as set forth in Paragraphs 7.3 and 7.4.

2  8.3    Any source code produced in discovery shall only be made available for inspection, not

3    produced except as set forth below, in a format allowing it to be reasonably reviewed and

4    searched, during normal business hours or at other mutually agreeable times, at an office

5    of the Producing Party or the Producing Party's counsel or another mutually agreed upon

6    location.  The source code shall be made available for inspection on a secured computer

7    (the "Source Code Computer") in a secured, locked room without Internet access or

8    network access to other computers, and the Receiving Party shall not copy, remove, or

9    otherwise transfer any portion of the source code onto any recordable media or recordable

10    device. The Source Code Computer shall have disk encryption and be password protected.

11    Use or possession of any input/output device (e.g., USB memory stick, mobile phone or

12    tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop,

13    or any device that can access the Internet or any other network or external system, etc.) is

14    prohibited while accessing the Source Code Computer. All persons entering the locked

15    room containing the Source Code Computer must agree to submit to reasonable security

16    measures to ensure they are not carrying any prohibited items before they will be given

17    access to the locked room. The Source Code Computer will be made available for

18    inspection during regular business hours, upon reasonable notice to the Producing Party,

19    which shall not be less than seven (7) days in advance of the requested inspection.  The

20    Producing Party shall install tools that are sufficient for viewing the code produced on the

21    platform produced, and tools sufficient for searching the code if such tools exist and are

22    presently used in the ordinary course of the Producing Party's business. The Receiving

23    Party's outside counsel and/or experts may request that commercially available software

24    tools for viewing and searching the source code be installed on the secured computer,

25    provided, however, that (a) the Receiving Party possesses an appropriate license to such

26    software tools; and (b) the Producing Party approves such software tools, and such

27    approval shall not be unreasonably withheld. The Receiving Party's outside counsel

28

13

and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

8.4    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may designate for printing  limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other similar papers, or for deposition or trial. The printed source code and any copies may only be transported by the Receiving Party via hand carry, Federal Express or other similarly reliable courier. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 8.3 in the first instance. Within seven (7) days the Producing Party shall either (i) provide one copy set of the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below, or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The parties shall meet and confer within seven (7) days of the Producing Party objecting that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Producing Party to demonstrate that such printed portions are excessive and/or not printed for a permitted purpose. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

8.5    The Receiving Party may make up to three (3) copies of the printed source code. The Receiving Party shall only make additional paper copies if such additional copies are (1)

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

1    necessary to prepare court filings, pleadings, or other papers (including a testifying

2    expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the

3    preparation of its case. The Receiving Party shall maintain all paper copies of any printed

4    portions of the source code in a secured, locked area (except when being transported as

5    authorized by paragraph 8.4) under the direct control of a person authorized to access

6    material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" under this

7    Order. Except as set forth herein, the Receiving Party shall not create any electronic or

8    other images of the paper copies and shall not convert any of the information contained in

9    the paper copies into any electronic format. Any printed pages of source code, and any

10   other documents or things reflecting source code that have been designated by the

11   Producing Party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied,

12   digitally imaged or otherwise duplicated, except in limited excerpts necessary to prepare

13   expert reports or court filings as discussed below. Any paper copies used during a

14   deposition shall be retrieved by the Receiving Party at the end of each day and must not be

15   given to or left with a court reporter or any other unauthorized individual.

16   8.6   The Receiving Party's Outside Counsel of Record and/or Expert may take notes relating to

17   the source code but may not copy any portion of the source code into the notes. No copies

18   of all or any portion of the source code may leave the room in which the source code is

19   inspected except as otherwise provided herein. Further, no other written or electronic

20   record of the source code is permitted except as otherwise provided herein.

21   8.7   A list of names of persons who will view the source code will be provided to the

22   Producing Party in conjunction with any written (including email) notice requesting

23   inspection. The Producing Party shall maintain a daily log of the names of persons who

24   enter the locked room to view the source code and when they enter and depart. The

25   Producing and Receiving Parties shall each be entitled to a copy of the log.

26   8.8   The Receiving Party's outside counsel shall maintain a log of all copies of the source code

27   (received from a Producing Party) that are delivered by the Receiving Party to any person.

28

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

8.9   To the extent portions of source code are quoted in an expert report or court filing, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, stamped, and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

9.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical information or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to tokenized assets or related technology before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  technical information or "HIGHLY CONFIDENTIAL – SOURCE CODE" is first received by the affected individual and shall end two (2) years after final termination of this action.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must, unless otherwise prohibited from doing so:

(a)   promptly notify in writing the Designating Party. Such notification shall, where permitted, include a copy of the subpoena (or relevant excerpts) or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, or to quash or limit the subpoena or court order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from a court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

confidential information in its possession, custody, or control, and the Party is subject to an agreement with that Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

11.3   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OR LOSS OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order or discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and the size and scope of any breach with respect to the Protected Material, (b) use its best efforts to promptly retrieve all unauthorized copies of the Protected Material and take appropriate corrective action to stop any unauthorized breach and access, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such

person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Receiving Party agrees to take reasonable and necessary corrective action to remediate the effects of any breach.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent production by a Producing Party of Discovery Material subject to a claim of privilege or other protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if notice pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) is provided promptly after the Producing Party learns of its inadvertent production.

13.2   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

1    the material covered by this Protective Order.

2    14.3   Filing Protected Material. Without written permission from the Designating Party or a

3    court order secured after appropriate notice to all interested persons, a Party may not file

4    in the public record in this action any Protected Material. A Party that seeks to file under

5    seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material

6    may only be filed under seal pursuant to a court order authorizing the sealing of the

7    specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will

8    issue only upon a request establishing that the Protected Material at issue is privileged,

9    protectable as a trade secret, or otherwise entitled to protection under the law. If a

10    Receiving Party's request to file Protected Material under seal pursuant to Civil Local

11    Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected

12    Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

13    instructed by the court.

14    14.4   Export Control. Disclosure of Protected Material shall be subject to all applicable laws

15    and regulations relating to the export of technical data contained in such Protected

16    Material, including the release of such technical data to foreign persons or nationals in the

17    United States or elsewhere. The Producing Party shall be responsible for identifying any

18    such controlled technical data, and the Receiving Party shall take measures necessary to

19    ensure compliance.

20    14.5   No Agreement Concerning Discoverability. The identification or agreed upon treatment of

21    certain types of Disclosure and Discovery Material does not reflect agreement by the

22    Parties that the disclosure of such categories of Disclosure and Discovery Material is

23    required or appropriate in this action. The Parties reserve the right to argue that any

24    particular category of Disclosure and Discovery Material should not be produced.

25    14.6   Use of Protected Material at Hearing or Trial. A Producing Party may request that the

26    courtroom be sealed during the presentation of any testimony, evidence, or argument

27    relating to or involving the use of any Protected Material.

28

14.7   <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.8   <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date Outside Counsel of Record for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

14.9   <u>Data Security</u>. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material during transfer.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material upon request from the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. If requested by the Producing Party after Final Disposition, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that all such materials have been returned or destroyed. Such certification shall be provided within 60 days following any request. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and

expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). Furthermore, the Receiving Party may retain Protected Material if required to comply with applicable laws, rules or regulations, and any Protected Material that the Receiving Party believes cannot reasonably be destroyed (such as electronic mail back-up or archive records, back-up server tapes, disaster recovery tapes, and any records of similar such automated record-keeping or other retention systems), provided that any such retained Protected Material remains subject to this Protective Order as set forth in Section 4 (DURATION).

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

1
2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety and understand the

5  Stipulated Protective Order that was issued by the United States District Court for the Northern District

6  of California in the case of *Blockchain Innovation, LLC v. Franklin Resources, Inc., et al.*, Case No.

7  4:21-cv-08787-AMO (N.D. Cal.). I agree to comply with and to be bound by all the terms of this

8  Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me

9  to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

10  manner any information or item that is subject to this Stipulated Protective Order to any person or entity

11  except in strict compliance with the provisions of this Order.

12    I further agree to submit to the jurisdiction of the United States District Court for the Northern

13  District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

14  such enforcement proceedings occur after termination of this action.

15

16  Date: _____

17  City and State where sworn and signed: _____

18  Printed name: _____
19         [printed name]

20  Signature: _____
21         [signature]

22
23
24
25
26
27
28

23

**PURSUANT TO STIPULATION, IT IS SO ORDERED,**

Dated:____March 13_____, ~~2023~~  2024

By _____

Hon. Thomas S. Hixson
United States Magistrate Judge

Dated:  March 13, 2024

Respectfully submitted,

*/s/ Christopher G. Granaghan*
Patricia L. Peden
California Bar No. 206440
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Telephone: (510) 273-8780
Fax: (510) 839-9104

Gary Cruciani (Admitted *Pro Hac Vice*)
Texas Bar No. 05177300
Lew LeClair
California Bar No. 77136
gcruciani@mckoolsmith.com
lleclair@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000

Brent N. Bumgardner (Admitted *Pro Hac Vice*)
Texas Bar No. 00795272
Christopher G. Granaghan (Admitted *Pro Hac Vice*)
Texas Bar No. 24078585
Carder W. Brooks (Admitted *Pro Hac Vice*)
Texas Bar No. 24105536
brent@nelbum.com
chris@nelbum.com
carder@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Patrick J. Conroy (Admitted *Pro Hac Vice*)
Texas Bar No. 24012448
pat@nelbum.com
NELSON BUMGARDNER CONROY P.C.
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
Telephone: (214) 446-4954

*Attorneys for Plaintiff*
*BLOCKCHAIN INNOVATION, LLC*

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

Dated:  March 13, 2024

By:    /s/ Hana Oh
              Luann L. Simmons

         DARIN W. SNYDER (S.B. #136003)
         dsnyder@omm.com
         LUANN L. SIMMONS (S.B. #203526)
         lsimmons@omm.com
         O'MELVENY & MYERS LLP
         Two Embarcadero Center, 28th Floor
         San Francisco, California  94111-3823
         Telephone:    +1 415 984 8700

         HANA OH (S.B. #300846)
         hoh@omm.com
         O'MELVENY & MYERS LLP
         610 Newport Center Drive, 17th Floor
         Newport Beach, California 92660-6419
         Telephone:    +1 949 823 6900

         STACY YAE (S.B. #315663)
         syae@omm.com
         O'MELVENY & MYERS LLP
         400 South Hope Street, 18th Floor
         Los Angeles, CA 90071-2899
         Telephone:    +1 213 430 6000

         *Attorneys for Defendants*
         *FRANKLIN RESOURCES, INC.,*
         *FT FINTECH HOLDINGS, LLC,*
         *FRANKLIN TEMPLETON COMPANIES,*
         *LLC, and JENNIFER JOHNSON*

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO

Dated:  March 13, 2024

By:      /s/ Lyn R. Agre
              Lyn R. Agre

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (Cal. Bar No. 178218)
Edward E. Shapiro (Cal. Bar No. 326182)
44 Montgomery St., Suite 2410
San Francisco, California 94104
Telephone: (332) 233-5784
lagre@glennagre.com
eshapiro@glennagre.com

Jed I. Bergman (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
jbergman@glennagre.com

*Attorneys for Defendant*
*ROGER BAYSTON*

## CIVIL LOCAL RULE 5-1(h)(3) ATTESTATION

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

By: */s/ Christopher G. Granaghan*

AMENDED STIPULATED PRO. ORDER
CASE NO: 3:21-CV-08787-AMO