UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>Defendants. | Case No. 21-cv-08787-AMO   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 184 |

Some discovery orders are about the details. This one is about the big picture.

It looks like fact discovery began in this case in October 2022. ECF No. 150. The district judge set a May 10, 2024 close of fact discovery. ECF No. 154. On March 11, 2024 – exactly sixty days before the close of fact discovery – the parties filed a joint discovery letter brief concerning Defendants Franklin Resources, Inc. d/b/a Franklin Templeton, FT FinTech Holdings, LLC, and Franklin Templeton Companies, LLC's ("FT's") ESI custodians. ECF No. 184. FT has been producing documents from 13 custodians. Plaintiff Blockchain Innovation, LLC, now wants the Court to order FT to add 19 additional custodians. Blockchain says that 14 of them were identified in an FT interrogatory response that was served in October 2023. The fifteenth person was someone FT has been refusing to add since July 2023. Blockchain doesn't say in the letter brief how long it has known about the other four proposed additional custodians, but at the hearing said it was more recently. Blockchain says it wants the Court to order FT to collect documents from these custodians, and it expects the parties would then negotiate search terms to be applied to these custodians. For its part, FT disputes that any of the 19 are appropriate ESI custodians, and adds that Blockchain's request would require it to collect a million additional documents, and the resulting document review would require hundreds of hours.

Federal Rule of Civil Procedure 16 says that the Court "must issue a scheduling order" (*id*. (b)(1)), which "must limit the time to . . . complete discovery" (*id*. (b)(3)(A)). Because of the plain language of Rule 16, there are remedies the Court is willing to order early in discovery that it is not willing to order late in discovery, particularly when a discovery problem has been known to the moving party for some time. If the Court had granted Blockchain's request on the day the letter brief was filed, the Court would have been effectively ordering a redo of discovery, sixty days before the close of fact discovery. Generally speaking, the identification of document custodians is one of the first things litigants do in discovery. It is first because it is foundational to pretty much everything else. Once you've got the custodians identified, then you come up with search terms, or use TAR or some other search method to find documents. Then you depose people with those documents, and use documents and testimony to answer interrogatory responses. If you make huge changes to the custodians right at the end of discovery, you risk overturning everything. There is the basic problem that more than doubling the number of document custodians right near the end of discovery makes it highly unlikely the new document productions could even possibly be completed in time. But there is also the easily foreseeable problem that a massive change in the document custodians in the closing weeks of fact discovery will lead to cascading requests to do everything else over too.

The relevant question, therefore, is not merely whether each one of the proposed additional 19 ESI custodians is or is not a suitable document custodian. The Court must also consider the timing of this request, the number of new custodians proposed, and the feasibility of conducting this proposed additional discovery consistent with the case schedule, which Blockchain has not asked the district judge to change.

With sixty days left in fact discovery, was Blockchain entitled to force FT to add 19 additional ESI custodians? No. Even if Blockchain's request had been granted as soon as it was filed, there was no way that document production could have been completed by the May 10 close of fact discovery or anything close to it. Blockchain's request is completely incompatible with the scheduling order. And, yes, it matters that Blockchain knew of at least 15 of the 19 custodians for at least five months before it made this request. At the tail end of fact discovery, it might be

appropriate to add a few new ESI custodians, and the Court is not saying that a narrower and more reasonable request would have been denied. But here, Blockchain's request to increase FT's ESI custodians from 13 to 32 in the last two months of fact discovery would blow up the scheduling order. Blockchain's request is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: April 10, 2024

THOMAS S. HIXSON
United States Magistrate Judge