UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br>　　　　　Plaintiff,<br>　　v.<br>FRANKLIN RESOURCES, INC., et al.,<br>　　　　　Defendants. | Case No. 21-cv-08787-AMO (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 217 |

　　　　Plaintiff Blockchain Innovation, LLC, moves to compel Defendants Jennifer Johnson and Roger Bayston to provide discovery sufficient to show their net worth. Specifically, Plaintiff moves to compel a response to interrogatory 25, which asked each Defendant to identify their "current net worth," including "an Identification of any Documents (e.g., financial statements) sufficient to corroborate each party's net worth." Plaintiff also served request for production 134, which sought "[a]ll documents requested in Interrogatory No. 25 and/or that Defendants relied upon in responding to Interrogatory No. 25." Plaintiff states without contradiction that the three entity Defendants (Franklin Resources, Inc., FT Fintech Holdings, LLC, and Franklin Templeton Companies, LLC) have provided the requested information and that only the individual Defendants (Johnson and Bayston) have declined to do so. Plaintiff moves to compel this information, contending it is relevant to Plaintiff's claim for punitive damages.

　　　　Plaintiff is suing Johnson and Bayston for punitive damages. ECF No. 156 (Second Amended Complaint) ¶ 201 (seeking punitives against Bayston for breach of fiduciary duty), ¶ 251 (seeking punitives against Johnson for aiding and abetting breach of fiduciary duty). And "the wealth of the defendant" is relevant to punitive damages. *National Integrated Techs., Inc. v. Gustavson*, 76 Fed. Appx. 774, 778 (9th Cir. Aug. 13, 2003). It would therefore seem that this information is discoverable.

　　　　Defendants argue, first, that this discovery is premature. They cite *Lallemand v. County of*

1   *Los Angeles*, 2018 WL 6136816 (C.D. Cal. June 12, 2018), in which the court held that the
2   magistrate judge did not commit clear error or act contrary to law in holding that a similar
3   discovery request was premature before trial, and that the plaintiff could renew the request during
4   trial if the finder of fact concluded there was a basis to award punitive damages. *Id*. at *14.
5   Defendants also cite *Stella Systems, LLC v. MedeAnalytics, Inc.*, 2015 WL 850219 (N.D. Cal. Feb.
6   25, 2015), which held that similar discovery was premature when the case was "in its early
7   stages," *id*. *3.  In that case, the court was sitting in diversity (which this Court is not, *see* ECF
8   No. 156 ¶ 56 (alleging federal question jurisdiction)), and it chose to follow a state-law
9   requirement that a plaintiff can obtain discovery as to a defendant's wealth only after having made
10  a showing of a substantial probability of recovering punitive damages. *Stella Systems*, 2015 WL
11  850219 at *3.  Accordingly, the court declined to order defendant to respond to these discovery
12  requests "at this time," and stated that plaintiff could later move to compel if it could show a
13  substantial probability that it would prevail on its punitive damages request. *Id*.
14          On the other hand, "the majority of federal courts to have considered this issue have
15  declined to postpone the disclosure of financial condition and net worth information." *LL B Sheet*
16  *1 v. Loskutoff*, 2016 WL 7451632, *2 (N.D. Cal. Dec. 28, 2016).  Further, Defendants' arguments
17  that this discovery is premature do not make any sense under the case schedule.  The district judge
18  issued a scheduling order that set May 31, 2024 as the close of fact discovery, and June 7, 2024 as
19  the deadline to file motions to compel.  ECF No. 210.  The present joint discovery letter brief
20  (filed on June 7, 2024) cannot possibly be premature because it was filed on the last day to move
21  to compel.  Moreover, the structure of the scheduling order contemplates that fact discovery will
22  conclude, and all disputes about fact discovery will be resolved, well before trial.  Thus, the
23  approach in *Lallemand* seems inconsistent with the scheduling order in this case.  There is also no
24  requirement under Rule 26 for a plaintiff to either prevail or show that it is likely to prevail on
25  liability or punitive damages before it is entitled to take discovery relevant to punitive damages,
26  and federal courts usually do not require such a showing. *See CEH, Inc. v. FV Seafarer*, 153
27  F.R.D. 491, 498 (D.R.I. 1994) ("When a punitive damages claim has been asserted by the plaintiff,
28  a majority of federal courts permit pretrial discovery of financial information about the defendant

without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages."); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998) ("The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure . . .").

Next, Defendants argue that Plaintiff violated the protective order during the deposition of Monica Fonesca by revealing Bayston's compensation to the witness. The Court observes that Fonesca's deposition was on February 27, 2024, and Defendants did not raise this alleged protective order violation with the Court at the time. Sitting on this issue for more than three months only to raise it defensively in response to a motion to compel feels like score-keeping, rather than a logical reason to deny this discovery. Even so, after complaining about this alleged protective order violation, the conclusion Defendants draw is that "Plaintiff's motion to compel such discovery should therefore be denied as premature unless and until Plaintiff establishes a claim of liability against Mr. Bayston." ECF No. 217 at 6. But, as explained above, filing a motion to compel on the last day to do so is not "premature." Further, the scheduling order contemplates the completion of fact discovery well in advance of trial, not during or after trial.

Finally, Defendants argue that Johnson need not produce discovery concerning her net worth because she testified to her understanding of her net worth during her deposition and because Plaintiff has the capacity to guess at it through Franklin Resources, Inc.'s SEC filings. The Court is unpersuaded. Defendants do not put Johnson's deposition testimony or any SEC filings before the Court, so they have made no evidentiary showing to support those arguments. Regardless, even if her testimony is as described, Plaintiff need not take it at face value and can seek documents, which it is seeking through this discovery. Further, SEC filings may show compensation, but they won't show her net worth.

Accordingly, Plaintiff's motion to compel is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 26, 2024

THOMAS S. HIXSON
United States Magistrate Judge