UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-08787-AMO   (TSH)<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 221, 233, 234, 235 |

**A.     ECF No. 221**

With respect to ECF No. 221, Blockchain does not request sealing as to Exhibits 2-4, 6, 17-19, 25, 26, 35, 36 and 39.  *See* ECF No. 225.  Accordingly, the Court **ORDERS** Defendants to file these exhibits in the public record within five days.

The Court **GRANTS** the motion to seal as to Exhibit 13.

The Court **APPROVES** Blockchain's proposed redactions to Exhibits 1, 11, 20, 28, 29, 30, 31, 32, 37 and 38.  As Blockchain has already filed the redacted versions of these exhibits in the public record, no further action is required.

The Court has reviewed the unredacted motion for sanctions (ECF No. 221-3).  The redacted language comes from Exhibits 28, 29, 30, 31, 32, 35 and 36.  Blockchain does not seek any sealing with respect to Exhibits 35 and 36.  Blockchain seeks limited sealing of Exhibits 28, 29, 30, 31 and 32, but the motion does not quote the portions of those exhibits for which Blockchain requests sealing.  Accordingly, there is no need for any part of the sanctions motion to be filed under seal, and the Court **ORDERS** Defendants to file the motion unredacted in the public record within five days.

**B.     ECF Nos. 233, 234, 235**

In ECF Nos. 233, 234 and 235, Blockchain asks the Court to rule on the sealing status of Bumgardner Exhibits 11, 13, 15, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and Alina Trombley Exhibit 4. Defendants ask the Court to seal or strike the exhibits because they are irrelevant to the sanctions motion. ECF Nos. 238, 239.[1] With respect to ECF Nos. 234 and 235, Blockchain acknowledges that its opposition brief cites only Bumgardner Exhibits 49, 50, 51 and 52. ECF No. 241. Once ECF No. 233 is included, Blockchain's brief also cites Bumgardner Exhibit 17.

Civil Local Rule 79-5(a) states that "[a] party must explore all reasonable alternatives to filing documents under seal" and must "minimize the number of documents filed under seal . . ." Filing under seal 31 exhibits that total hundreds of pages and that Blockchain did not think were important enough to merit a citation in its brief does not comply with this local rule. For most (but not all) of these exhibits, Blockchain says the Bumgardner Declaration cites to them, and that they relate to Defendants' efforts to preserve and produce ESI from their own employees, which Blockchain says is relevant to judging the reasonableness of Blockchain's efforts to preserve and produce ESI. For the sake of argument, let's assume that Blockchain is right in the abstract and that reasonableness can be informed by what its opponent did. Here, Blockchain's discussion of that point in its opposition brief consists of a couple of rhetorical swipes at Defendants' ESI productions. All of Blockchain's legal arguments against sanctions discuss Rule 37 and applicable case law. Blockchain doesn't actually make any sort of developed legal argument that Defendants' ESI productions inform what should be considered a reasonable effort. It was not consistent with Local Rule 79-5(a) to file so many documents under seal that were not cited in Blockchain's opposition brief, and when most of them relate to a rhetorical point that was never developed into a real legal argument.

Accordingly, the Court **STRIKES** the motions at ECF No. 233, 234 and 235, and the

---

[1] Technically, the FT Defendants argue this as to the motion at ECF No. 235, and Bayston makes this argument as to the motion at ECF No. 234. However, Bumgardner Exhibit 11 is common to all three sealing motions (ECF Nos. 233, 234 and 235), so due consideration of Defendants' argument requires considering it for ECF No. 233 as well.

associated exhibits from the record, except for the five exhibits cited in the opposition brief. As to four of them, Defendants have made a sufficient showing that sealing is warranted (*see* ECF Nos. 238 & 238-1), and the Court **ORDERS** Bumgardner Exhibits 49-52 filed under seal. Blockchain has made a sufficient showing that Bumgardner Exhibit 17 should be redacted, and the Court **APPROVES** Blockchain's redactions.

This order terminates ECF Nos. 233, 244 and 235.

**IT IS SO ORDERED.**

Dated: August 30, 2024

THOMAS S. HIXSON
United States Magistrate Judge

3