1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

BLOCKCHAIN INNOVATION, LLC,

Case No.  21-cv-08787-TSH

8

Plaintiff,

9

v.

**ORDER RE: MOTIONS TO FILE UNDER SEAL**

10

FRANKLIN RESOURCES, INC., et al.,

Re: Dkt. Nos. 264-66, 281

11

Defendants.

12
13

## I.    INTRODUCTION

14

This order addresses four motions to seal pursuant to Civil Local Rule 79-5 that are

15

pending in connection with Plaintiff Blockchain Innovation, LLC's Motion to Strike Improper

16

Expert Rebuttal Opinions.  ECF No. 262.  On August 9, 2024, Plaintiff filed a motion to seal (ECF

17

No. 264) and two requests for the Court consider whether to seal certain materials designated as

18

"Highly Confidential – Attorney's Eyes Only" by Defendants[1] (ECF Nos. 265-66).  On August 23,

19

2024, Defendants filed a request for the Court to consider whether to seal certain materials

20

designated as "Highly Confidential – Attorney's Eyes Only" by Plaintiff (ECF No. 281).  For the

21

reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motions.

22

## II.    LEGAL STANDARD

23

The Ninth Circuit has recognized "good cause" as "the proper standard" to evaluate sealing

24

involving "previously sealed discovery attached to a nondispositive motion."  *Pintos v. Pac.*

25

*Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Phillips ex rel. Estates of Byrd v. Gen.*

26

*Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002)).  Under this standard, "a strong presumption in

27

28

[1] Defendants are Franklin Resources, Inc. d/b/a Franklin Templeton, FT FinTech Holdings, LLC, Franklin Templeton Companies, LLC, Jennifer Johnson, and Roger Bayston.

United States District Court
Northern District of California

favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotations omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210-11 (quotation omitted); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Civil Local Rule 79-5 supplements this standard. Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party") the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L. R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civ. L. R. 79-5(c)(1), (f). That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. Civil L. R. 79-5(c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

**A.     Plaintiff's Motions**

**1.     Plaintiff's Motion to Seal**

In its first motion, Plaintiff moves to seal Exhibits 1, 2, 3, 8, and 11 to the Declaration of Carder W. Brooks, filed in support of its motion to strike, arguing they contain descriptions of its alleged trade secrets and disclosure would "destroy their trade secret nature" and "cause competitive harm." ECF No. 264. Specifically, Plaintiff moves to seal portions of the expert reports of Dr. Seoyoung Kim (Exhibit 1, highlighted portions on page 28-174); Nigel Jones (Exhibit 2, highlighted portions on pages 158-61 and 260-62); Anthony Tu-Sekine (Exhibit 3, highlighted portions on pages 10-22); Dr. Stephen Melvin (Exhibit 8, highlighted portions on

United States District Court
Northern District of California

2

1   pages 23-85, 89, and 92-96); and Philip Green (Exhibit 11, highlighted portions on pages 63-64).

2   Defendants filed a response arguing Plaintiff's asserted bases for sealing are unsupported

3   because (1) Plaintiff has not produced any evidence to support its assertion that the alleged trade

4   secrets qualify as legally protectable trade secrets, and (2) that the undisputed evidence in this case

5   establishes that Plaintiff is not an operating entity and has made no use or even attempted use of

6   the alleged trade secrets.  ECF No. 268.  However, Defendants "recognize that an administration

7   motion to seal is not the appropriate medium for deciding Plaintiff's claim that the ATS qualify as

8   legally protectable trade secrets.  Thus, while reserving all rights to dispute the merits of Plaintiff's

9   claims, Defendants do not oppose Plaintiff's Motion."  *Id.*

10   Courts in this district have routinely sealed documents that contain trade secret information

11   and confidential or proprietary information that may cause competitive harm if disclosed.  *See*

12   *Prolifiq Software Inc. v. Veeva Sys. Inc.*, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014)

13   (granting a motion to seal where "the documents contain proprietary and confidential information

14   that include[d]" purported trade secrets); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at

15   *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . . contain trade

16   secrets, contain confidential research, development or commercial information, or if disclosure of

17   the information might harm a litigant's competitive standing") (citation omitted).  Courts in this

18   district have also sealed documents relating to the technical operation of products, including

19   descriptions of source code.  *See, e.g., MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL

20   4074653, at *1, (N.D. Cal. Sept. 5, 2022) (granting party's request to seal "statements describing

21   'proprietary and highly confidential software architecture and source code'"); *Finjan, Inc. v.*

22   *Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (granting request to seal

23   portions of exhibits containing information about "technical operation of the products").  In

24   addition, the Court has previously sealed materials relating to Plaintiff's asserted trade secrets,

25   including materials produced by Defendants that Plaintiff contends incorporate its trade secrets.

26   *See* ECF Nos. 180, 193.  Accordingly, the Court finds Plaintiff has made a particularized showing

27   that specific prejudice or harm will result if the information is disclosed and therefore **GRANTS**

28   Plaintiff's motion to seal.

United States District Court
Northern District of California

**2.      Plaintiff's Motions to Consider Whether Another's Material Should Be Sealed**

In its second motion, Plaintiff requests the Court consider whether to seal certain materials submitted as exhibits to the Brooks Declaration designated as "Highly Confidential – Attorney's Eyes Only" by Defendant Roger Bayston.  ECF No. 265.  Bayston designated the following documents: Rebuttal Expert Report of Philip Green (Exhibit 11); excerpts from the transcript of the August 2, 2024 deposition of Mr. Green (Exhibit 13); and Expert Report of Michael A. Fahlman (Exhibit 4).  Plaintiff also requests the Court consider whether certain portions of its motion to strike should be sealed, as it quotes from and discusses these documents.  ECF No. 265, Ex. A.

In its third motion, Plaintiff requests the Court consider whether to seal certain materials submitted as exhibits to the Brooks Declaration designated as "Highly Confidential – Attorney's Eyes Only" by Defendants Franklin Resources, Inc. d/b/a Franklin Templeton, FT FinTech Holdings, LLC, Franklin Templeton Companies, LLC, and Jennifer Johnson.  ECF No. 266.  These defendants designated the following documents: Expert Report of Dr. Seoyoung Kim (Exhibit 1); Rebuttal Expert Report of Philip Green (Exhibit 11); Transcript of the July 30, 2024 deposition of Stephen Melvin (Exhibit 9); Transcript of the August 2, 2024 deposition of Philip Green (Exhibit 13); Expert Report of Dr. Stephen Melvin (Exhibit 8); excerpts from the Expert Report of Nigel Jones (Exhibit 2); excerpts from the Expert Report of Anthony Tu-Sekine (Exhibit 3); Expert Report of Michael A. Fahlman (Exhibit 4); and an email chain between Plaintiff's counsel and Defendants' counsel, dated from August 6 to August 7, 2024 (Exhibit 17).  ECF No. 266.  Plaintiff also notes that each of Exhibits 1, 2, 3, 8, and 11 contain its confidential information, as discussed in its first motion, ECF No. 264.  As with its second motion, Plaintiff also requests the Court consider whether certain portions of its motion to strike should be sealed, as it quotes from and discusses these documents.  ECF No. 266, Ex. A.

Defendants filed a combined response to these motions, requesting the Court seal portions of Exhibits 2, 4, 8, 11, and 13 because they reveal, among other things, commercially sensitive, proprietary, and technical information of Defendants, and sensitive personal and private information about third parties.  ECF No. 273.  As to Exhibits 4, 8 and 11, Defendants maintain

4

1    these reports also discuss and rely on materials that reveal highly-sensitive, confidential business

2    and technical information belonging to Franklin, including internal business strategy and corporate

3    decisionmaking, as well as internal budgeting and finances.  Courts regularly hold that good cause

4    supports sealing such information because disclosing information related to a company's business

5    strategy and finances can impose harm by allowing competitors to capitalize on a business's

6    internal business decisions.  *See Big Run Studios Inc. v. AviaGames Inc.*, 2024 WL 1364734, at *2

7    (N.D. Cal. Mar. 28, 2024) (good cause to seal "[c]onfidential business information"); *Bos. Ret.*

8    *Sys. v. Uber Techs., Inc.*, 2023 WL 6132961, at *1 n.2 (N.D. Cal. Sept. 19, 2023) (good cause

9    supports sealing portions of exhibits that reveal "business strategy and corporate decision

10   making").

11          Defendants also note that portions of Exhibits 2 and 8 reveal Franklin's confidential, trade

12   secret source code, discuss the structure of the same, and otherwise reveal highly confidential

13   technical information about the operation of Franklin's products and services.  Defendants argue

14   that revealing these confidential technical details about Franklin's products and services would

15   likely result in significant competitive injury to Franklin, because it could allow Franklin's

16   competitors to gain an unfair business advantage over Franklin based on confidential and non-

17   public information.  In view of the likely competitive harm, courts regularly conclude that good

18   cause supports sealing confidential technical information about a party's products and services,

19   such as that at issue here.  See *Finjan*, 2016 WL 7429304, at *1 (sealing "information about the

20   technical operation of the [party's] products").

21          Finally, Defendants note Dr. Melvin's report (Ex. 8) and excerpts of Mr. Green's

22   deposition (Ex. 13) also include personal and confidential information, including their personal

23   residence addresses, email addresses, and phone numbers.  Good cause supports sealing such

24   information because the "legitimate interest in ensuring the privacy of personal information

25   outweighs the public's interest in access to court filings."  *Richter v. Oracle Am., Inc.*, 2023 WL

26   5663217, at *1 (N.D. Cal. Aug. 30, 2023).

27          Accordingly, the Court **GRANTS** Plaintiff's motion to seal Exhibits 2, 4, 8, 11, and 13.

28          Defendants do not seek to seal any information in Exhibits A, 1, 3, or 9.  As to Exhibit A,

United States District Court
Northern District of California

5

1   the redacted version of Plaintiff's motion, Plaintiff itself states it "does not believe that anything in

2   the Motion itself is confidential," and that it filed a redacted version "out of an abundance of

3   caution." ECF No. 265 at 3, n.1; ECF No. 266 at 2, n.1. Accordingly, the Court **DENIES**

4   Plaintiff's requests as to the redacted version of its motion to strike. Plaintiff shall file the

5   unredacted motion to strike in the public record no sooner than three days and no later than seven

6   days from the date of this order.

7       As to Exhibit 9 (Dr. Melvin's deposition excerpts), neither Plaintiff nor Defendants have

8   shown good cause exists to seal this exhibit. Accordingly, the Court **DENIES** Plaintiff's requests

9   as to Exhibit 9. Plaintiff shall file Dr. Melvin's deposition excerpts in the public record no sooner

10  than three days and no later than seven days from the date of this order.

11      As to Exhibits 1 and 3, although Defendants do not request they be sealed, as discussed

12  above, Plaintiff has made a particularized showing that specific prejudice or harm will result if the

13  information in these exhibits is disclosed. Accordingly, the Court **GRANTS** Plaintiff's motion as

14  to Exhibits 1 and 3.

15  **B.    Defendants' Motion**

16      In their motion, Defendants request the Court consider whether excerpts from the expert

17  report of Nigel Jones should be filed under seal because Plaintiff designated this document as

18  "Highly Confidential – Attorney's Eyes Only." ECF No. 281. Defendants submitted the excerpts

19  as an exhibit to their opposition to Plaintiff's motion to strike. Simmons Decl., Ex. A, ECF No.

20  280-1. In its response, Plaintiff requests the Court seal only a portion of Mr. Jones's report. ECF

21  No. 288. Specifically, Plaintiff requests the Court seal portions of page 4 because they contain

22  descriptions of aspects of Plaintiff's asserted trade secrets. Plaintiff filed a redacted version of

23  Exhibit A at ECF 288-2 and an unredacted version with the redacted portion of page 4 highlighted

24  in yellow at ECF No. 289.

25      As discussed above, courts in this district have routinely sealed documents that contain

26  trade secret information and confidential or proprietary information that may cause competitive

27  harm if disclosed. *See Prolifiq Software Inc.*, 2014 WL 2527148, at *3; *Dugan*, 2013 WL

28  1435223, at *2; *see also* ECF Nos. 180, 193 (sealing materials relating to Plaintiff's asserted trade

secrets).  Accordingly, the Court finds Plaintiff has made a particularized showing that specific prejudice or harm will result if the information is disclosed and therefore **GRANTS** Defendants' motion as to the highlighted portions of Exhibit A.  As Plaintiff has already filed the redacted and unredacted versions of Exhibit A, no further action is required.  Because Exhibit A to the Simmons Declaration contains the unredacted material (ECF No. 281-2), it shall remain under seal.

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** the parties' motions as follows:

1)  Plaintiff's motion (ECF No. 264) is **GRANTED** in full.

2)  Plaintiff's motions (ECF Nos. 265-66) are **GRANTED** as to Exhibits 1-4, 8, 11, and 13.  Plaintiff's motions are **DENIED** as to Ex. A (motion to strike) and Ex. 9 (Dr. Melvin's deposition excerpts).  Plaintiff shall file these exhibits in the public record no sooner than three days and no later than seven days from the date of this order.

3)  Defendants' motion (ECF No. 281) is **GRANTED** as to the highlighted portions on page 4 of Mr. Jones's report and **DENIED** as to the remainder of the exhibit.  As Plaintiff has already filed the redacted and unredacted versions of Exhibit A, no further action is required.  Because Exhibit A to the Simmons Declaration contains the unredacted material (ECF No. 281-2), it shall remain under seal.

**IT IS SO ORDERED.**

Dated: October 3, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

7