UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>Defendants. | Case No. 21-cv-08787-TSH<br><br>**ORDER RE: MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 298, 300-03, 331-32, 338-40, 349-51 |

## I.  INTRODUCTION

This order addresses the parties' motions to seal pursuant to Civil Local Rule 79-5 that are pending in connection with their motions to exclude expert testimony (ECF Nos. 295, 299). For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motions.

## II.  LEGAL STANDARD

The Ninth Circuit has recognized "good cause" as "the proper standard" to evaluate sealing involving "previously sealed discovery attached to a nondispositive motion." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)); *see also Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2021 WL 5407316, at *4 (N.D. Cal. Nov. 18, 2021) ("The documents at issue in the pending motions to seal relate to Plaintiffs' non-dispositive motion to preclude expert testimony so the Court will apply the lower good cause standard."). Under this standard, "a strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotations omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210-11 (quotation omitted); *see also* Fed.

1  R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated

2  reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

3  1992) (quotation omitted).

4      Civil Local Rule 79-5 supplements this standard.  Where, as here, a filing party (the

5  "Filing Party") seeks to seal a filed document because that document has been designated as

6  confidential by another party (the "Designating Party") the Filing Party must file an

7  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Civ. L.

8  R. 79-5(f).  This motion must identify each document or portions thereof for which sealing is

9  sought.  *Id.*  "Within 7 days of the motion's filing, the Designating Party must file a statement

10  and/or declaration" including "a specific statement of the applicable legal standard and the reasons

11  for keeping a document under seal."  Civ. L. R. 79-5(c)(1), (f).  That statement must include (i) the

12  legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is

13  denied; and (iii) why a less restrictive alternative to sealing is not sufficient.  Civil L. R. 79-

14  5(c)(1).  A failure to file a statement or declaration may result in the unsealing of the provisionally

15  sealed document without notice to the Designating Party.  *Id.*

## III.   DISCUSSION

**A.   ECF Nos. 298, 301 and 303**

18      On September 3, 2024, Plaintiff Blockchain Innovation, LLC filed a motion to consider

19  whether certain of Defendant Roger Bayston's materials included or referenced in Plaintiff's

20  motion to exclude expert testimony and materials submitted as exhibits to the Declaration of

21  Christopher G. Granaghan in support of the motion should be filed under seal.  ECF No. 298.

22  Bayston designated as "Highly Confidential – Attorney's Eyes Only" the following documents:

23  Rebuttal Expert Report of Philip Green (Granaghan Decl., Ex. 3, ECF No. 303-4); and Transcript

24  of the August 2, 2024 deposition of Philip Green (*id.*, Ex. 5, ECF No. 303-5).

25      Plaintiff also filed a motion to consider whether certain of Defendants Franklin Resources,

26  Inc. d/b/a Franklin Templeton, FT FinTech Holdings, LLC, Franklin Templeton Companies, LLC,

27  and Jennifer Johnson's ("FT Defendants") materials included or referenced in Plaintiff's motion

28  and materials submitted as exhibits to Mr. Granaghan should be filed under seal.  ECF No. 303.

The FT Defendants designated as "Highly Confidential – Attorney's Eyes Only" the following documents: Expert Report of Dr. Seoyoung Kim (Granaghan Decl., Ex. 1, ECF No. 303-2); Rebuttal Expert Report of Philip Green (*id.*, Ex. 3, ECF No. 303-4); Transcript of the July 30, 2024 deposition of Stephen Melvin (*id.*, Ex. 4, ECF No. 303-5); and Transcript of the August 2, 2024 deposition of Philip Green (*id.*, Ex. 5, ECF No. 303-6). FT Defendants also designated as "Highly Confidential – Attorney's Eyes Only" and "Highly Confidential – Source Code" the following document: Expert Report of Dr. Stephen Melvin (*id.*, Ex. 2, ECF No. 303-3).

Plaintiff also seeks to seal the motion to exclude itself (ECF No. 295), as it quotes from and discusses several of these documents. Granaghan Decl., Ex. A, ECF No. 303-7.

Plaintiff also filed a motion to seal certain portions of Dr. Kim's report (Granaghan Decl., Ex. 1, ECF No. 301-2), Dr. Melvin's report (*id.*, Ex. 2, ECF No. 301-3), and Mr. Green's report (*id.*, Ex. 3, ECF No. 301-4). ECF No. 301.

On September 10, 2024, The FT Defendants and Bayston (collectively, 'Defendants") filed a combined response in support of Plaintiff's motions. ECF No. 320. Defendants request the Court seal the portions of Dr. Melvin's Report and Mr. Green's Report because they reveal, among other things, commercially sensitive, proprietary, and technical information of Defendants. ECF No. 320. Defendants state each report discusses and relies on materials that reveal highly-sensitive, confidential business and technical information belonging to Franklin.

Defendants don't seek to seal the motion to exclude itself or Dr. Kim's Report, excerpts from Dr. Melvin's deposition transcript, or excerpts from Mr. Green's deposition transcript.

**1.   Confidential Business Information**

Defendants state portions of the listed paragraphs in each of these reports disclose Franklin's sensitive internal business strategy and corporate decision-making about FinTech, tokenized assets, investment strategies:

- Dr. Melvin Report ¶¶ 87, 89, 91, 93, 95, 102, 104, 106, 109, 111, 113, 115, 117, 119, 171, 182, 188, 194, 220, 226, 232, 238, 247, 254, 270, 276, 287. *See also* Simmons Decl. ¶¶ 4-5, ECF No. 320-1.

- Mr. Green Report ¶ 230. *See also* Simmons Decl. ¶¶ 4-5.

3

Defendants state the following portions of both reports also disclose information about Franklin's highly-confidential internal budgeting and finances: Melvin Report ¶ 61; Green Report ¶¶ 202-204, 215, 229, 259-261, 267-269. *See also* Simmons Decl. ¶¶ 4, 6.

Courts regularly hold that good cause supports sealing information related to a company's business strategy and finances where it can impose harm by allowing competitors to capitalize on a business's internal business decisions. *See Big Run Studios Inc. v. AviaGames Inc.*, 2024 WL 1364734, at *2 (N.D. Cal. Mar. 28, 2024) (good cause to seal "[c]onfidential business information"); *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2023 WL 6132961, at *1 n.2 (N.D. Cal. Sept. 19, 2023) (good cause supports sealing portions of exhibits that reveal "business strategy and corporate decision making"). Defendants state Franklin is a global leader in asset management, and public disclosure of information revealing its internal business strategies and finances would likely result in significant competitive injury to Franklin, because it could allow Franklin's competitors to gain an unfair business advantage over Franklin based on confidential and non-public information." *See* Simmons Decl. ¶¶ 4-6. Accordingly, the Court finds Defendants have made a particularized showing that specific prejudice or harm will result if the information is disclosed and therefore **GRANTS** Plaintiff's motion to seal the requested portions of Dr. Melvin's Report (Ex. 2) and Mr. Green's Report (Ex. 3).

### 2. Confidential Technical Information

Defendants state portions of the following paragraphs in Dr. Melvin report reveal Franklin's confidential, trade secret source code, discuss the structure of the same, and otherwise reveal highly confidential technical information about the operation of Franklin's products and services: Ex. 2 at ¶¶ 42, 45, 81-84, 86-95, 97-119, 170-171, 176, 181-182, 187-188, 193-194, 199-200, 204, 209, 214, 219-220, 225-226, 231-232, 237-238, 246-247, 253-254, 263, 269-270, 275-276, 281, 287, 292-293. *See also* Simmons Decl. ¶ 7-8.

In view of the likely competitive harm, courts regularly conclude that good cause supports sealing confidential technical information about a party's products and services, such as that at issue here. See *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *1 (N.D. Cal. Feb. 9, 2016) (sealing "information about the technical operation of the [party's] products"). Defendants state

4

that revealing these confidential technical details about Franklin's products and services would likely result in significant competitive injury to Franklin, because it could allow Franklin's competitors to gain an unfair business advantage over Franklin based on confidential and non-public information. *See* Simmons Decl. ¶¶ 7-8. Accordingly, the Court finds Defendants have made a particularized showing that specific prejudice or harm will result if the information is disclosed and therefore **GRANTS** Plaintiff's motion to seal the requested portions of Dr. Melvin's report (Ex. 2).

### 3. Personal Information

Defendants state Dr. Melvin's report also includes personal and confidential information about him, including his personal email address and phone number, and his physical address. *See* Melvin Report at 103 (Appendix A); *see also* Simmons Decl. ¶¶ 9-10. Defendants seek to seal this information as is it unrelated to the merits of Plaintiff' motion to exclude before the Court. The Court finds good cause supports sealing such information because the "legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings." *Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023). Accordingly, the Court **GRANTS** Plaintiff's motion to seal the contact information at the top of page 103 of Dr. Melvin's report.

### 4. Trade Secrets

Plaintiff seeks to seal portions of Dr. Kim's, Dr. Melvin's, and Mr. Green's reports because they contain materials that Plaintiff has identified as constituting its trade secrets. ECF No. 301; Granaghan Decl., ECF No. 301-1. Courts in this district have routinely sealed documents that contain trade secret information and confidential or proprietary information that may cause competitive harm if disclosed. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014) (granting a motion to seal where "the documents contain proprietary and confidential information that include[d]" purported trade secrets); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . . contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive

1  standing") (citation omitted).  Accordingly, the Court finds Plaintiff has made a particularized

2  showing that specific prejudice or harm will result if the information is disclosed.  The Court

3  therefore **GRANTS** Plaintiff's motion to seal the requested portions of Dr. Kim's, Dr. Melvin's,

4  and Mr. Green's reports.

   **5.**  **Motion, Dr. Kim's Report, Dr. Melvin's Deposition, and Mr. Green's Deposition**

   As Defendants do not seek to seal this information, the Court **DENIES** Plaintiff's motion as to the motion to exclude (Ex. A), the remainder of Dr. Kim's Report (Ex. 1), Dr. Melvin's deposition transcript (Ex. 4), and Mr. Green's deposition transcript (Ex. 5).

**B.**  **ECF Nos. 300 and 302**

   On September 3, 2024, Defendants filed a motion to consider whether certain of Plaintiff's materials submitted as exhibits to Defendants' motion to exclude expert testimony should be filed under seal.  ECF No. 300.  Defendants identify the following documents which Plaintiff has designated as "Highly Confidential – Attorneys' Eyes Only":

- Excerpts from the Deposition of Michael Fahlman, Simmons Decl., Ex. A, ECF No. 300-3;
- Excerpts from the deposition of Austin Trombley, *id.*, Ex. B, ECF No. 300-4
- Expert Report of Daniel Gillett, *id.*, Ex. C, ECF No. 300-5; and
- Excerpts from the deposition of Daniel Gillett, *id.* Ex. D, ECF No. 300-6.

   Defendants have also redacted portions of their motion to exclude those portions that substantively paraphrase or quote from these documents, ECF No. 277-3, and therefore also submit the unredacted version of the motion.  Simmons Decl., Ex. 1, ECF No. 300-2.

   Defendants have also filed a motion to seal certain portions of the Mr. Gillett's expert report.  ECF No. 302.

   On September 10, 2024, Plaintiff filed a response.  ECF No. 318.  Plaintiff requests the Court seal certain portions of Mr. Gillett's report, but does not seek to seal Defendants' motion itself or Exhibits A, B, or D.

### 1. Mr. Gillett's Report

In their motion to seal (ECF No. 302), Defendants seek to seal portions of Mr. Gillett's report because it discloses internal information related to Franklin's investments and strategies. Simmons Decl. ¶¶ 3-4. This business information is not publicly available, and Defendants employ careful measures to ensure this information remains protected and out of the public eye, and to prevent competitors from gaining insight to or the benefit of Franklin's carefully considered business strategies. *Id.* Defendants state Franklin is a market leader in asset management, so competitors would greatly benefit were they to gain access or insight into Franklin's internal business decisions and thinking. *Id.*

In its response, Plaintiff requests the Court seal portions of Mr. Gillett's report because they contain confidential legal advice of Onsa's outside counsel, Sidley Austin LLP, to Onsa in 2020. ECF No. 318. Plaintiff states these portions quote from and summarize privileged communications that were produced in this litigation based on the specific relationship between Onsa and Franklin, and the parties have agreed that such production would not constitute any broader waiver of the privilege that otherwise protects this information from disclosure.

As noted above, courts regularly hold that good cause supports sealing information related to a company's business strategy and finances where it can impose harm by allowing competitors to capitalize on a business's internal business decisions. *See Big Run Studios Inc.*, 2024 WL 1364734, at *2; *Bos. Ret. Sys*, 2023 WL 6132961, at *1 n.2. Courts also routinely seal privileged communications. *See Mezzadri v. Med. Depot, Inc.*, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015); *Konig v. Dal Cerro*, 2009 WL 636518, at *1 (N.D. Cal. Mar. 11, 2009). Accordingly, the Court finds good cause supports sealing such information and **GRANTS** Defendants' motion to seal the highlighted portions of Mr. Gillett's report.

### 2. Motion, Mr. Fahlman's Mr. Trombley's, and Mr. Gillett's Depositions

As Plaintiff does not seek to seal this information, the Court **DENIES** Defendants' motion as to the motion to exclude (ECF No. 300-2), Mr. Fahlman's deposition (Ex. A), Mr. Trombley's deposition (Ex. B), and Mr. Gillett's deposition (Ex. D).

**C.     ECF No. 331 and 332**

On September 16, 2024, Defendants filed a motion to consider whether certain of Plaintiff's materials submitted as exhibits to Defendants' opposition to Plaintiff's motion to exclude expert testimony should be filed under seal. ECF No. 331. Defendants identify the following documents which Plaintiff has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code":

- Excerpts from the Deposition of Dr. Stephen Melvin (Simmons Decl., Ex. 1, ECF No. 331-3);
- Excerpts from the Deposition of Philip Green (*id.*, Ex. 2, ECF No. 331-4);
- Excerpts from the Deposition of Michael Fahlman (*id.*, Ex. 5, ECF No. 331-5);
- Expert Report of Dr. Seoyoung Kim (*id.*, Ex. 6, ECF No. 331-6); and
- Expert Report of Dr. Stephen Melvin (*id.*, Ex. 7, ECF No. 331-7).

Defendants have also redacted portions of the opposition that substantively paraphrase or quote from these documents, and they have thus submitted as part of this motion the unredacted version of the opposition. *Id.*, Ex. A, ECF No. 331-2.

Defendants also filed a motion to seal certain portions of Dr. Melvin's expert report. ECF No. 332; Simmons Decl., Ex. 7, ECF No. 332-2.

On September 23, 2024, Plaintiff filed a response. ECF No. 345.

**1.     Dr. Kim's and Dr. Melvin's reports.**

As to the motions to seal Dr. Kim's and Dr. Melvin's reports, Plaintiff requests the Court seal these exhibits because they both contain descriptions of its asserted trade secrets, and Dr. Melvin's report contains descriptions of source code. As noted above, courts routinely seal documents that contain trade secret information and confidential or proprietary information that may cause competitive harm if disclosed. *See Prolifiq Software Inc.*, 2014 WL 2527148, at *3; *Dugan*, 2013 WL 1435223, at *2. Accordingly, the Court finds Plaintiff has made a particularized showing that specific prejudice or harm will result if the information is disclosed and therefore **GRANTS** Plaintiff's motion to seal the requested portions of Dr. Kim's and Dr. Melvin's reports.

### 2. Opposition, Depositions

Plaintiff does not seek to seal the opposition or any of Exhibits 1, 2, and 5. Accordingly, the Court **DENIES** Defendants' motion as to these documents.

## D. ECF No. 338

On September 16, 2024, Plaintiff filed a motion to seal certain portions of its opposition to Defendants' motion to exclude. ECF No. 338; Granaghan Decl., Ex. 1, ECF No. 338-2. Plaintiff also seeks to seal Exhibits B, F, G, I, and M to the Declaration of Gary Cruciani in support of the opposition. ECF No. 338. These documents are:

- Excerpts from the Deposition of Roger Bayston (Granaghan Decl., Ex. B, ECF No. 338-3);
- Excerpts from the Deposition of Rob Carlson (*id.*, Ex. F, ECF No. 338-4);
- Excerpt from the Rebuttal Expert Report of Douglas Squasoni (*id.*, Ex. G, ECF No. 338-5);
- Excerpt from the Deposition of Austin Trombley (*id.*, Ex. I, ECF No. 338-6); and
- Excerpt from a 7/30/2020 email among Rob Carlson, Roger Bayston, and Lou Mohn, as well as attachments thereto (*id.*, Ex. M, ECF No. 338-7).

### 1. Bayston Deposition

Plaintiff seeks to seal Mr. Bayston's deposition testimony because it contains descriptions of Plaintiff's asserted trade secrets. It argues public disclosure of this information would destroy the trade secret nature of the information. Plaintiff also seeks to seal Mr. Bayston's testimony because it contains sensitive financial information of unrelated third parties, and disclosure of this information would intrude on these third parties' privacy rights. As noted above, courts in this district have routinely sealed documents that contain trade secret information and confidential or proprietary information that may cause competitive harm if disclosed. *See Prolifiq Software Inc.*, 2014 WL 2527148, at *3; *Dugan*, 2013 WL 1435223, at *2. Courts also seal documents that contain confidential third-party information. *See Kyowa Hakko Kirin Co. v. Aragen Bioscience, Inc.*, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding "good cause" to seal confidential third-party information). Accordingly, the Court finds Plaintiff has made a

9

particularized showing that specific prejudice or harm will result if the information is disclosed and therefore **GRANTS** Plaintiff's motion to seal the highlighted portions of Mr. Bayston's deposition testimony.

### 2. Remaining Documents

As to the highlighted portions of the opposition and Exhibits F, G, I, and M to the Cruciani Declaration, Plaintiff requests they be sealed because they contain or discuss confidential attorney-client communications from Onsa's outside counsel, Sidley Austin LLP, to Onsa in 2020. These communications were produced in this litigation based on the specific relationship between Onsa and Franklin, and the parties have agreed that such production would not constitute any broader waiver of the privilege that otherwise protects this information from disclosure. As noted above, courts routinely seal privileged communications. *See Mezzadri*, 2015 WL 12564223, at *2; *Konig*, 2009 WL 636518, at *1. Accordingly, the Court **GRANTS** Plaintiff's motion to seal the highlighted portions of (1) its opposition (Granaghan Decl., Ex. 1, ECF No. 338-2); the deposition of Rob Carlson (*id.*, Ex. F, ECF No. 338-4); the Rebuttal Expert Report of Douglas Squasoni (*id.*, Ex. G, ECF No. 338-5); the deposition of Austin Trombley (*id.*, Ex. I, ECF No. 338-6); and the 7/30/2020 email among Rob Carlson, Roger Bayston, and Lou Mohn, as well as attachments thereto (*id.*, Ex. M, ECF No. 338-7).

### E. ECF Nos. 339 and 340

On September 16, 2024, Plaintiff filed a motion to consider whether certain of the FT Defendants' materials included or referenced in Plaintiff's opposition to Defendants' motion to exclude expert testimony and materials submitted as exhibits to the Declaration of Gary Cruciani in support of the opposition should be filed under seal. ECF No. 339. The FT Defendants designated as "Highly Confidential – Attorney's Eyes Only" the following documents:

- Deposition of Philip Green (Granaghan Decl., Ex. D, ECF No. 339-4);
- Deposition of Roger Bayston (*id.*, Ex. F, ECF No. 339-6);
- Deposition of Jennifer Johnson (*id.*, Ex. H, ECF No. 339-7);
- Excerpts from the Rebuttal Expert Report of Douglas W. Squasoni (*id.*, Ex I, ECF No. 339-8).

In addition, the FT Defendants designated as "Confidential" the following documents:

- Deposition of Douglas W. Squasoni (*id.*, Ex. E, ECF No. 339-5);
- Excerpt from 7/30/2020 email among Rob Carlson, Roger Bayston, Lou Mohn, et al., along with the memo attached thereto (*id.*, Ex. M, ECF No. 339-9).

Plaintiff also submitted an unredacted version of its opposition, highlighting the redacted portions that discuss and/or reference materials designated as "Highly Confidential – Attorney's Eyes Only" or "Confidential" by the FT Defendants. *Id.*, Ex. 1, ECF No. 339-1.

On September 16 Plaintiff also filed motion to consider whether certain of Mr. Bayston's materials included or referenced in Plaintiff's opposition to Defendants' motion to exclude expert testimony and materials submitted as exhibits to the Declaration of Gary Cruciani in support of the opposition should be filed under seal. ECF No. 340. Mr. Bayston designated as "Highly Confidential – Attorney's Eyes Only" the following documents:

- Deposition of Michael Fahlman (Granaghan Decl., Ex. A, ECF No. 340-3);
- Deposition of Philip Green (*id.*, Ex. D, ECF No. 340-4);
- Deposition of Roger Bayston (*id.*, Ex. F, ECF No. 340-6);
- Excerpts from the Rebuttal Expert Report of Douglas W. Squasoni (*id.*, Ex. I, ECF No. 340-7).

In addition, Mr. Bayston designated as "Confidential" the following document:

- Deposition of Douglas W. Squasoni (*id.*, Ex. E, ECF No. 340-5).

Plaintiff also submitted an unredacted version of its opposition, highlighting the redacted portions that discuss and/or reference materials designated as "Highly Confidential – Attorney's Eyes Only" or "Confidential" by Mr. Brayston. *Id.*, Ex. 1, ECF No. 340-1.

On September 23, 2024, Defendants filed a combined response. ECF No. 346. They request the Court seal certain portions of Plaintiff's opposition and Ms. Johnson's deposition because they reveal commercially sensitive, proprietary business information of Defendants. As noted above, courts regularly hold that good cause supports sealing information related to a company's confidential business information. *See Big Run Studios Inc.*, 2024 WL 1364734, at *2; *Bos. Ret. Sys*, 2023 WL 6132961, at *1 n.2; *see also Fed. Trade Comm'n v. Qualcomm Inc.*, 2019

11

1  WL 95922, at *1 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal "information that, if
2  published, may harm [a party's] or third parties' competitive standing and divulges terms of
3  confidential contracts, contract negotiations, or trade secrets"). Defendants state this information
4  is not publicly available, and they employ careful measures to ensure this information remains
5  protected and out of the public eye to prevent competitors from gaining insight to or the benefit of
6  Franklin's carefully considered business strategies. Accordingly, the Court finds good cause
7  supports sealing such information and **GRANTS** Plaintiff's motion to seal the highlighted
8  portions of the opposition (ECF No. 339-1) and Ms. Johnson's deposition (Granaghan Decl., Ex.
9  D, ECF No. 339-4), as identified in Defendants' response, ECF No. 346.

As Defendants do not seek to seal this information, the Court **DENIES** Plaintiff's motion as to Mr. Fahlman's deposition (Granaghan Decl., Ex. A, ECF No. 339-3), Mr. Green's deposition (*id.*, Ex. D, ECF No. 339-4), Mr. Bayston's deposition (*id.*, Ex. F, ECF No. 339-6), Mr. Squasoni's expert rebuttal report (*id.*, Ex I, ECF No. 339-8); Mr. Squasoni's deposition (*id.*, Ex. E, ECF No. 339-5), and the excerpts from the 7/30/2020 email among Rob Carlson, Roger Bayston, Lou Mohn, et al., along with the memo attached thereto (*id.*, Ex. M, ECF No. 339-9).

**F.  ECF Nos. 349 and 350**

On September 23, 2024, Plaintiff filed motion to consider whether certain of the FT Defendants' materials included or referenced in Plaintiff's reply in support of their motion to exclude expert testimony should be filed under seal. ECF No. 349. The FT Defendants designated as "Highly Confidential – Attorney's Eyes Only" the following documents:

- Deposition of Philip Green (Bumgardner Decl., Ex. 2, ECF No. 349-3); and
- Excerpts from the Rebuttal Expert Report of Douglas W. Squasoni (*id.*, Ex 1, ECF No. 349-2).

Plaintiff also submitted an unredacted version of its reply, highlighting the redacted portions that discuss and/or reference materials designated as "Highly Confidential – Attorney's Eyes Only" by the FT Defendants. Granaghan Decl., Ex. A, ECF No. 349-4.

On September 23 Plaintiff also filed motion to consider whether certain of Mr. Bayston's materials included or referenced in Plaintiff's reply in support of their motion to exclude expert

testimony. ECF No. 350. Mr. Bayston designated as "Highly Confidential – Attorney's Eyes Only" the following documents:

- Deposition of Philip Green (Bumgardner Decl., Ex. 2, ECF No. 39-3); and
- Excerpts from the Rebuttal Expert Report of Douglas W. Squasoni (*id.*, Ex 1, ECF No. 350-2).

Plaintiff also submitted an unredacted version of its reply, highlighting the redacted portions that discuss and/or reference materials designated as "Highly Confidential – Attorney's Eyes Only" by Mr. Bayston. Granaghan Decl., Ex. A, ECF No. 350-4.

On September 30, 2024, Defendants filed a combined response to ECF Nos. 349 and 350. ECF No. 361. Defendants confirm they do not seek to seal any of the excerpts identified in Plaintiff's motions. Accordingly, the Court **DENIES** Plaintiff's motions.

### G.    ECF No. 351

On September 23, 2024, Defendants filed a motion to consider whether certain of Plaintiff's materials submitted as exhibits to Defendants' reply in support of their motion to exclude should be filed under seal. ECF No. 351. Plaintiff designated as "Highly Confidential – Attorney's Eyes Only" the following document:

- Deposition of Austin Trombley (Snyder Decl., Ex. E, ECF No. 351-2).

On September 30, 2024, Plaintiff filed a response confirming it does not seek to seal Exhibit E. ECF No. 359. Accordingly, the Court **DENIES** Defendants' motion.

## IV.    CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

### A.    ECF Nos. 298, 301 and 303

The Court **GRANTS** Plaintiff's to seal the highlighted portions of Dr. Melvin's Report (Granaghan Decl., Ex. 2, ECF No. 303-3) and Mr. Green's Report (*id.*, Ex. 3, ECF No. 303-4) as specified in ECF No. 320.

The Court **GRANTS** Plaintiff motion to seal the highlighted portions of Dr. Kim's report (Granaghan Decl., Ex. 1, ECF No. 301-2), Dr. Melvin's report (*id.*, Ex. 2, ECF No. 301-3), and Mr. Green's report (*id.*, Ex. 3, ECF No. 301-4). ECF No. 301.

The Court **DENIES** Plaintiff's motion as to the motion to exclude (Granaghan Decl., Ex. A), the remainder of Dr. Kim's Report (*id.*, Ex. 1), Dr. Melvin's deposition transcript (*id.,* Ex. 4), and Mr. Green's deposition transcript (*id.*, Ex. 5). Plaintiff shall file these exhibits in the public record no sooner than three days and no later than seven days from the date of this order.

**B.     ECF Nos. 300 and 302**

The Court **GRANTS** Defendants' motions to seal the highlighted portions of Mr. Gillett's report (Simmons Decl., Ex. C, ECF No. 300-5) as specified in ECF Nos. 300 and 302. The Court **DENIES** Defendants' motion as to the motion to exclude (ECF No. 300-2), Mr. Fahlman's deposition (Simmons Decl., Ex. A, ECF No. 300-3), Mr. Trombley's deposition (*id.*, Ex. B, ECF No. 300-4), and Mr. Gillett's deposition (*id.*, Ex. D, ECF No. 300-6). Defendants shall file these exhibits in the public record no sooner than three days and no later than seven days from the date of this order.

**C.     ECF No. 331 and 332**

The Court **GRANTS** Defendants' motions to seal as to the highlighted portions of Dr. Kim's report (Simmons Decl., Ex. 6, ECF No. 331-6) and Dr. Melvin's report (*id.*, Ex. 7, ECF No. 331-7 and 332-2).

The Court **DENIES** Defendants' motion as to the opposition (ECF No. 331-2) and the depositions of Dr. Melvin (Simmons Decl., Ex. 1, ECF No. 331-3), Mr. Green (*id.*, Ex. 2, ECF No. 331-4), and Mr. Fahlman (*id.*, Ex. 5, ECF No. 331-5). Defendants shall file these documents in the public record no sooner than three days and no later than seven days from the date of this order.

**D.     ECF No. 338**

The Court **GRANTS** Plaintiff's motion to seal the highlighted portions of (1) its opposition to Defendants' motion to exclude expert testimony (Granaghan Decl., Ex. 1, ECF No. 338-2); the deposition of Roger Bayston (*id.*, Ex. B, ECF No. 338-3); the deposition of Rob Carlson (*id.*, Ex. F, ECF No. 338-4); the Rebuttal Expert Report of Douglas Squasoni (*id.*, Ex. G, ECF No. 338-5); the deposition of Austin Trombley (*id.*, Ex. I, ECF No. 338-6); and the 7/30/2020 email among Rob Carlson, Roger Bayston, and Lou Mohn, as well as attachments

thereto (*id.*, Ex. M, ECF No. 338-7).

**E.     ECF Nos. 339 and 340**

The Court **GRANTS** Plaintiff's motions to seal the highlighted portions of the opposition (ECF No. 339-1) and Ms. Johnson's deposition (Granaghan Decl., Ex. D, ECF No. 339-4), as identified in Defendants' response, ECF No. 346.

The Court **DENIES** Defendants' motion as to Mr. Fahlman's deposition (Granaghan Decl., Ex. A, ECF No. 339-3), Mr. Green's deposition (*id.*, Ex. D, ECF No. 339-4), Mr. Bayston's deposition (*id.*, Ex. F, ECF No. 339-6), Mr. Squasoni's expert rebuttal report (*id.*, Ex I, ECF No. 339-8); Mr. Squasoni's deposition (*id.*, Ex. E, ECF No. 339-5), and the excerpts from the 7/30/2020 email among Rob Carlson, Roger Bayston, Lou Mohn, et al., along with the memo attached thereto (*id.*, Ex. M, ECF No. 339-9).  Plaintiff shall file these documents in the public record no sooner than three days and no later than seven days from the date of this order.

**F.     ECF Nos. 349 and 350**

The Court **DENIES** Plaintiff's motions.  Plaintiff shall file the following documents in the public record no sooner than three days and no later than seven days from the date of this order: Deposition of Philip Green (Bumgardner Decl., Ex. 2, ECF No. 349-3); Excerpts from the Rebuttal Expert Report of Douglas W. Squasoni (*id.*, Ex 1, ECF No. 349-2); Deposition of Philip Green (Bumgardner Decl., Ex. 2, ECF No. 39-3); and Excerpts from the Rebuttal Expert Report of Douglas W. Squasoni (*id.*, Ex 1, ECF No. 350-2).

**G.     ECF No. 351**

The Court **DENIES** Defendants' motion.  Defendants shall file Exhibit E to the Snyder Declaration (Deposition of Austin Trombley, ECF No. 351-2) in the public record no sooner than three days and no later than seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: October 8, 2024

THOMAS S. HIXSON
United States Magistrate Judge