UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOCKCHAIN INNOVATION, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-08787-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 413 |

You don't have forever to meet and confer about your discovery disputes. Rule 16 requires courts to issue a scheduling order, *see* Fed. R. Civ. Proc. 16(b)(1), and one of the subjects it is supposed to address is "the time to . . . complete discovery." *Id*. (b)(3)(A). Civil Local Rule 37-3 states that no discovery-related motions may be filed more than 7 days after the discovery cut-off. As the commentary to the rule explains, "'Discovery-related motions' encompasses all motions relating to discovery, including motions to compel or protect against discovery, motions regarding the duty to preserve documents, including spoliation motions, motions to quash or enforce subpoenas, and motions for discovery sanctions."

In this case, the close of fact discovery was May 31, 2024. ECF No. 210. That made June 7, 2024 the last day to file a discovery-related motion. *Id.*; Civil Local Rule 37-3. And on that day, Plaintiff did so. In ECF No. 217, Plaintiff moved to compel concerning information about Defendant Jennifer Johnson's net worth. The Court granted the motion on June 26, 2024. ECF No. 230. The Court's order did not set a deadline for Johnson to comply, but both sides agree that by mid-August 2024, Plaintiff thought that Johnson's response to the order was inadequate and did

not comport with the June 26 order.  The parties met and conferred about this for four months, and on December 19, 2024, Plaintiff filed its motion to enforce the Court's June 26, 2024 order.  ECF No. 399.  Because the motion was related to discovery, the Court denied it as untimely, but also stated that Plaintiff could file a Rule 16 motion to modify the case schedule to permit this otherwise untimely motion, if Plaintiff could show good cause.  ECF No. 410.  Plaintiff has now brought that motion.  ECF No. 413.

This brings us to the question of what to do when a party files a discovery motion on the last day to do so, wins, and then the other party allegedly defies the order.  The Court's view is that this is a proper basis to seek a modification of the scheduling order to permit a motion to enforce.  The Court expects its orders to be complied with.  If a party fails to comply with an order issued at or after the end of fact discovery, there needs to be a way to correct that.  But the Court also expects the party seeking to enforce the discovery order to act promptly.  Remember:  when this situation comes up, we are in the stage of the case where discovery is over and the ability to litigate further discovery-related disputes is also over – and yes, compliance with a discovery order is itself a discovery-related dispute.  The commentary to Local Rule 37-3 makes that clear, listing motions for discovery sanctions (which can be for a failure to comply with a discovery order, *see* Fed. R. Civ. Proc. 37(b)) as one of the motions that has to be brought within seven days after the close of fact discovery.  Indeed, the remedy Plaintiff seeks here in its motion to enforce the June 26 order is more discovery – specifically, document production and a deposition.

The big picture under Local Rule 37-3 is that discovery, and fights about discovery, are a phase of a case that is supposed to have an end.  At some point the parties need to move on to summary judgment briefing and trial preparation.  And so, if a party believes the other side has not complied with a discovery order that was issued at or after the deadline to raise fact discovery disputes, it should act promptly, consistent with the view that it is trying to wrap up something that is supposed to be over already.  The litigant should not do what Plaintiff did in this case, which was to back burner the issue for months while the parties went off and briefed summary judgment and *Daubert* motions, and then raised the compliance issue with the Court only after the more important motions were decided.  Once this dispute was ripe, Plaintiff parked it in meet-and-

1   confer for four months while it litigated a whole other phase of this case.  That wasn't diligent and
2   doesn't show good cause.  Plaintiff's motion to modify the scheduling order is therefore
3   **DENIED.**[1]

4     **IT IS SO ORDERED.**

6   Dated: January 30, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The Court also rejects Plaintiff's alternative argument that the discovery it seeks is required by Rule 26(e).  Plaintiff is correct that the deadline to file discovery-related motions in Local Rule 37-3 does not apply to requests for supplementation under Rule 26(e).  *See Gamevice, Inc. v. Nintendo Co., Ltd.*, 2019 WL 5565942, *3 (N.D. Cal. Oct. 29, 2019).  However, the discovery Plaintiff seeks now is not a supplementation or correction of information or documents it received previously.  Rather, Plaintiff is seeking things Johnson never provided.